## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INDERJEET BASRA, individually and as Personal Representative for the ESTATE OF ATINDERPAL SINGH; DILSHAAN S. REHAL, by and through his next friend, INDERJEET BASRA,<br><br>Plaintiffs,<br><br>v.<br><br>ECKLUND LOGISTICS, INC.<br><br>Defendant. | CIVIL ACTION<br><br>CASE NO.: 8:16-cv-83<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>*Jury Trial Requested at Omaha Location* |

COME NOW Plaintiffs INDERJEET BASRA, individually and as personal representative for the ESTATE OF ATINDERPAL SINGH and DILSHAAN S. REHAL, by and through his next friend, INDERJEET BASRA (collectively "Plaintiffs"), by and through the undersigned counsel, and hereby brings this Complaint for Damages against Defendant Ecklund Logistics, Inc. ("Defendant") and allege the following:

### I. PARTIES

1. Plaintiff INDERJEET BASRA is the surviving spouse of Atinderpal Singh, deceased ("Decedent"). On January 4, 2016, INDERJEET BASRA was appointed special administrator of the Estate of Atinderpal Singh ("Decedent") by the Superior Court of the State of California, County of Sutter. INDERJEET BASRA is a resident of Sutter County, California, and at all times material hereto was a resident and citizen of the State of California.

2. Plaintiff DILSHAAN S. REHAL is a minor (DOB: 09/18/2012) and the natural

child of Decedent and Plaintiff INDERJEET BASRA. Plaintiff DILSHAAN S. REHAL is a resident of Sutter County, California, and at all times material hereto was a resident and citizen of the State of California.

3. Defendant ECKLUND LOGISTICS, INC. is a for-profit corporation duly existing and formed under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin. Defendant ECKLUND LOGISTICS, INC. may be served with summons in this matter by and through its registered agent for service of process, Kirk Leroy Ecklund, 6991 State Road 76, Neenah, WI 54956.

## II. JURISDICTION AND VENUE

4. This court may exercise personal jurisdiction over all Defendants pursuant to Nebraska's Long-Arm Statute at Neb. Rev. Stat. § 25-536(1) and (2), as all Defendants either acted directly or through agents causing tortious injury by an act or omission within the State of Nebraska or have sufficient contacts with the State of Nebraska to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## III. FACTUAL ALLEGATIONS

7. On August 8, 2012, at approximately 4:20 P.M., Decedent was operating a 2005 Freightliner tractor with a trailer attached and driving in the Number 2 lane eastbound on Interstate 80 near York, Nebraska.

8. At the same time, Freddie Galloway ("Galloway") was operating a 2007 Freightliner tractor with a trailer attached and driving in the Number 1 lane, eastbound on Interstate 80 near Decedent in York, NE. At all times relevant herein, Galloway was employed by Defendant

and was acting within the course and scope of his employment with Defendant.

9. Shortly thereafter, Galloway proceeded to accelerate and travel past Decedent in the Number 1 lane. As Galloway passed Decedent's vehicle at a high rate of speed, Galloway engaged in an unsafe and dangerous lane change from the Number 1 lane into the Number 2 lane immediately ahead of Decedent's vehicle and began to rapidly slow his vehicle. As a result of Galloway's actions, Decedent was unable to avoid Galloway's vehicle and violently crashed into the rear of Galloway's vehicle.

10. Decedent died as a result of his vehicle's collision with Galloway's vehicle.

## IV. CLAIMS FOR RELIEF

### COUNT I

### NEGLIGENCE - RESPONDEAT SUPERIOR AS AGAINST DEFENDANT ECKLUND LOGISTICS, INC.

11. Plaintiffs reallege and incorporate by reference herein the allegations of paragraphs 1 through 10 above as if fully set forth herein.

12. At all times relevant herein, Galloway was an employee of Defendant and was in the course of scope of his employment with Defendant. As such, Defendant is liable for the acts and/or omissions of Galloway under the doctrine of respondeat superior.

13. Galloway owed Plaintiffs and Decedent duties of care which he breached by, among other acts and/or omissions:

    a) Failing to yield the right-of-way;

    b) Failing to keep Galloway's vehicle at a speed which was appropriate under the circumstances then existing;

    c) Failing to keep a proper lookout;

    d) Failing to keep his vehicle under proper control;

    e) Becoming distracted while driving;

    f) Performing an unsafe and unreasonably dangerous lane change;

g) Driving while overly fatigued;

h) Violating various provisions of the Federal Motor Carrier Safety Regulations at 49 CFR §§ 390, 391, 392, 393, 395 and 396;

i) Violating Neb. Rev. Stat. §§ 60-6,133 and 60-6,161;

j) Otherwise acting without the reasonable care required of him under the circumstances.

14. By the acts and/or omissions described above, Galloway breached his duty of care to Plaintiffs while in the course and scope of his employment with Defendant. As such, the acts and/omissions of Galloway are imputed to Defendant by virtue of the doctrine of respondeat superior.

15. Galloway's acts and/or omissions, as described above, were a direct and proximate cause of Decedent's death and Plaintiffs' injuries and damages.

## COUNT II

### NEGLIGENCE AS AGAINST DEFENDANT ECKLUND LOGISTICS, INC.

16. Plaintiffs reallege and incorporate by reference herein the allegations of paragraphs 1 through 15 above as if fully set forth herein.

17. Defendant owed independent duties of care to Plaintiffs and Decedent which were breached by, among other acts and/or omissions:

a) In negligently hiring Galloway;

b) Failing to properly train Galloway;

c) Failing to properly monitor Galloway;

d) Failing to properly supervise Galloway;

e) Failing to properly inspect the tractor driven by Galloway;

f) Failing to properly repair and maintain the tractor driven by Galloway;

g) Violating various provisions of the Federal Motor Carrier Safety Regulations at 49 CFR §§ 390, 391, 392, 393, 395 and 396;

h) Otherwise acting without the reasonable care required of it under the

circumstances.

18. In addition to Defendant's liability under the doctrine of respondeat superior as identified in Count I of this complaint, Defendant is liable to Plaintiffs for the independent acts and/or omissions stated above.

19. Defendant's independent acts and/or omissions were a direct and proximate cause of Decedent's death and Plaintiffs' injuries and damages.

## COUNT III

### LOSS OF CONSORTIUM AS AGAINST DEFENDANT ECKLUND LOGISTICS, INC.

20. Plaintiffs reallege and incorporate by reference herein the allegations of paragraphs 1 through 19 above as if fully set forth herein.

21. Through the actions of Galloway and Defendant as described above, Plaintiffs Inderjeet Basra and Dilshaan S. Rehal have been deprived of the comfort of Decedent's society and companionship, his services, his care, maintenance, support, advice, counsel and such other pleasures and rights having a pecuniary value which attend immediate family relationships as allowed under Nebraska law. As such, Plaintiffs are entitled to recover for their independent losses of consortium for the death of the Decedent.

22. Defendant's acts and/or omissions, as described above, were a direct and proximate cause of Decedent's death and Plaintiffs' injuries and damages.

## COUNT IV

### PUNITIVE DAMAGES UNDER WIS. STAT. ANN. § 895.043 AS AGAINST DEFENDANT ECKLUND LOGISTICS, INC.

23. Plaintiffs reallege and incorporate by reference herein the allegations of paragraphs 1 through 22 above as if fully set forth herein.

24. As Defendant is a corporation incorporated in the State of Wisconsin and has significant contacts with the State of Wisconsin, Defendant is subject to the laws of the State of Wisconsin on the issue of Plaintiffs' recovery of punitive damages.

25. Through the independent acts and/or omissions of Defendant or those acts and/or omissions of Galloway imputed to Defendant by the doctrine of respondeat superior, as described in paragraphs 1 through 22 above, Defendant acted maliciously, outrageously and/or in a manner

that demonstrated an intentional and wanton disregard of the personal rights of Decedent and Plaintiffs, by, among other acts and/or omissions:

a) Knowing and allowing numerous violations of the Federal Motor Carrier Safety Regulations;

b) Knowing and allowing numerous violations of traffic regulations by its drivers;

c) Knowing and allowing operation of vehicles without required inspections;

d) Knowing and allowing operation of vehicles without proper registrations;

e) Knowing and allowing operation of vehicles without proper repair and maintenance;

f) Otherwise knowing and allowing vehicles to operate in a dangerous condition.

26. Such acts and/or omissions were a direct and proximate cause of Decedent's death and Plaintiffs' injuries and damages. As such, Defendant is liable for punitive damages under Wis. Stat. Ann. § 895.043.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant Ecklund Logistics, Inc. as follows:

a) For all survival personal injury damages incurred by Decedent, including consequential losses, pecuniary losses and pre-death pain and suffering, pursuant to Neb. Rev. Stat. § 25-1401, et seq., and funeral and burial expenses by and through Inderjeet Basra as Personal Representative for the Estate of Atinderpal Singh;

b) For all wrongful death damages incurred by Inderjeet Basra and Dilshaan S. Rehal pursuant to Neb Rev. Stat. § 30-809, et seq., by and through Inderjeet Basra as Personal Representative of the Estate of Atinderpal Singh;

c) For all loss of consortium damages by Plaintiff Inderjeet Basra, individually and Plaintiff Dilshaan S. Rehal, individually, by and through his next friend, Inderjeet Basra;

d) For punitive damages in an amount in excess of any jurisdictional minimum of this Court;

e) For pre-judgment and post-judgment interest, attorneys' fees, expenses, and

        costs of this action; and

   f)    For such further relief as this Court deems necessary, just, and proper.

DATED this 17th day of February, 2016.      INDERJEET BASRA, individually and as Personal Representative for the ESTATE of ATINDERPAL SINGH; DILSHAAN S. REHAL, by and through his next friend INDERJEET BASRA, Plaintiffs,

By: /s/ Christopher P. Welsh
    Christopher P. Welsh #22279
    Welsh & Welsh, PC, LLO
    9290 West Dodge Road
    204 The Mark
    Omaha, Nebraska 68114
    (402) 384-8160
    cwelsh@welsh-law.com
    *ATTORNEY FOR PLAINTIFFS*

## VI. DEMAND FOR JURY TRIAL AND DESIGNATION OF TRIAL LOCATION

Plaintiffs demand a trial by jury of all claims asserted in this Complaint and that the trial be conducted in Omaha, Nebraska.

DATED this 17th of February, 2016.

        INDERJEET BASRA, individually and as Personal Representative for the ESTATE of ATINDERPAL SINGH; DILSHAAN S. REHAL, by and through his next friend INDERJEET BASRA, Plaintiffs,

By: /s/ Christopher P. Welsh
Christopher P. Welsh #22279
Welsh & Welsh, PC, LLO
9290 West Dodge Road
204 The Mark
Omaha, Nebraska 68114
(402) 384-8160
cwelsh@welsh-law.com
*ATTORNEY FOR PLAINTIFFS*