# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INDERJEET BASRA, individually and as Personal Representative for the ESTATE OF ATINDERPAL SINGH; DILSHAAN S. REHAL, by and through his next friend, INDERJEET BASRA,<br><br>      Plaintiffs,<br><br>v.<br><br>ECKLUND LOGISTICS, INC.,<br><br>      Defendant. | 8:16CV83<br><br>ORDER |

      This matter is before the court on Defendant's Motion for Protective Order *Instanter* (Filing No. 32). Defendant filed the instant motion on November 11, 2016 (a court holiday), requesting a protective order to prevent the deposition of a non-party, Dale Bennett, from taking place on November 15, 2016.

      In reviewing the emails and documents submitted by Plaintiff in opposition to this motion, it is apparent to the court that Defendant has been less than cooperative with Plaintiff in scheduling depositions. On August 17, 2016, Plaintiff first contacted Defendant requesting dates available to depose witnesses, including Dale Bennett. (Filing No. 29-3). After receiving no response, Plaintiff followed up with letters on September 13, 2016, and September 16, 2013, regarding scheduling depositions. (Filing No. 29-4; Filing No. 29-5). Plaintiff called counsel for Defendant on October 28, 2016, and emailed Defendant on November 1, 2016, again trying to request dates to depose Dale Bennett. (Filing No. 35-1). Defendant provided no response. Plaintiff emailed counsel for defendant on November 3, 2016, informing Defendant that Plaintiff secured November 15, 2016, to depose Dale Bennett. (Filing No. 35-2). It was only after Defendant received

1

the subpoena for Dale Bennett's deposition on November 9, 2016, that Defendant responded to Plaintiff by email, on November 11, 2016, objecting to the deposition. (Filing No. 35-4).

> The court directs the parties to this court's local rules, which provide:
>
>> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons.

NECivR 7.1(i). Defendant's own failure to meaningfully confer and its dilatory responses to Plaintiff's scheduling requests put Defendant in this position, requiring the filing of this protective order on the eve of the deposition. The court will deny Defendant's motion. Going forward, the court encourages both parties to meet and confer in accordance with this court's rules to resolve further discovery disputes and scheduling issues. Accordingly,

**IT IS ORDERED:** Defendant's Motion for Protective Order *Instanter* (Filing No. 32) is denied.

**DATED: November 14, 2016.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**