IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **INDERJEET BASRA, individually and as Personal Representative for the ESTATE OF ATINDERPAL SINGH; DILSHAAN S. REHAL, by and through his next friend, INDERJEET BASRA,**<br><br>　　　　　　**Plaintiffs,**<br><br>　　　v.<br><br>**ECKLUND LOGISTICS, INC.,**<br><br>　　　　　　**Defendant.** | 8:16CV83<br><br>ORDER |

　　　This matter is before the court on Plaintiffs' First Motion to Compel Discovery and for Modification of Final Progression Order (Filing No. 28).[1]  Plaintiffs are the surviving spouse and child of Atinderpal Singh, who perished after a trailer-tractor accident on August 8, 2012, wherein Singh's tractor-trailer collided with a tractor-trailer driven by Freddy Galloway, an employee of Defendant.  Plaintiffs filed this action against Defendant for negligence, loss of consortium, and punitive damages under Wisconsin law. (Filing No. 1).

　　　Pursuant to the parties' joint stipulation (Filing No. 37), the court entered an amended final progression order (Filing No. 38), which resolved the portion of Plaintiffs' motion requesting modification of the prior final progression order.  Additionally, Plaintiffs acknowledge that there is no longer a dispute regarding deposition scheduling. (Filing No. 43 at p. 11).  The remainder of Plaintiffs' motion pertains to Defendant's

---

[1]. The court directs Plaintiffs' attention to this district's local rules regarding motion practice.  In particular, NECivR 7.1(a)(1)(A) provides, "A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion.  *The brief must be separate from, and not attached to or incorporated in, the motion* or index of evidence."   NECivR 7.1(a)(1)(A) (emphasis added).

1

answers to interrogatories and responses requests for production. After Plaintiffs filed the instant motion, Defendant provided Plaintiffs with supplemental answers and responses. Plaintiffs maintain Defendant's supplemental responses are deficient.

## DISCUSSION

**Interrogatories**

Federal Rule of Civil Procedure 33 requires a party to answer each interrogatory separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). A party seeking discovery may move for an order compelling an answer or production if "a party fails to answer an interrogatory submitted under Rule 33[.]" Fed. R. Civ. P. 37(3)(B). "[A]n "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Plaintiffs argue that Defendant's supplemental responses to Interrogatory Numbers 5, 7, 11, 12, 14, and 15, are nonresponsive and incomplete. (Filing No. 43 at pp. 3-6). After review of Defendant's supplemental answers (Filing No. 40 at pp. 19-22), the court makes the following rulings:

**Interrogatory No. 5(c) and (d)** asks Defendant to identify certain maintenance and inspection information about the tractor-trailer operated at the time of the accident. Defendant answered, "See maintenance records, Exhibits 10, 11, 12, 13, and 14 to the deposition of Ms. Ecklund."

"The answer to an interrogatory must be responsive to the question; it should be complete in itself and should not refer to other documents." *Budget Rent-A-Car of Mo., Inc. v. Hertz Corp.*, 55 F.R.D. 354, 356 (W.D. Mo. 1972). See also, *Dipietro v. Jefferson Bank,* 144 F.R.D. 279, 282 (E.D. Pa. 1992) ("The general rule is that answers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents."). Defendant's answer simply directs Plaintiffs to other documents, and therefore the court finds Defendant has not fully responded to this

2

Interrogatory in compliance with Rule 33. The court will order Defendant to produce a full, complete, and correct response to this interrogatory.[2]

**Interrogatory No. 7** asks Defendant to identify whether Defendant created a written record of the accident; whether the record is "kept in any Vehicle Accident Investigation File or its equivalent;" and whether the record was kept in the ordinary court of business. Defendant answered, "Yes;" "Defendant does not have a copy of such a file. See the deposition of Ms. Ecklund;" and "Yes." The court finds these answers responsive to the questions asked and will not order the Defendant to further answer.

**Interrogatory No. 11** asks Defendant to identify the date it subjectively believed there was a substantial chance that litigation would arise from the accident and the facts giving rise to that belief. Defendant answered in part, subject to certain objections, "Defendant has never subjectively believed that there was a substantial chance for litigation." Although Plaintiff doubts the veracity of Defendant's statement, Defendant answered the question asked and the court will not order a further answer.

**Interrogatory No. 12(a)-(g)** asks for information regarding any internal investigations or meetings conducted by Defendant related to the factual allegations in Plaintiffs' Complaint, including identification of the persons involved and the person most knowledgeable, documents generated, statements made, and the outcome of the investigation. Defendant answered, subject to its objection of attorney-client privilege, "Defendant did obtain the accident report which indicated fault on the part of Decedent and was aware that Mr. Galloway was not cited and that Defendant's truck passed inspection." The court finds Defendant's answer incomplete and nonresponsive to the questions asked. The court will order Defendant to produce full, complete, and correct responses to this interrogatory.

---

2. Fed. R. Civ. P 33(d) permits a party to respond to interrogatories by producing business records when certain requirements are satisfied. It is not sufficient for a responding party to simply direct the interrogating party to a mass of business records. See *id.* The court does not have enough information at this time to determine whether Defendant's exhibits meet the requirements of Rule 33(d).

3

**Interrogatory No. 14** asks Defendant to describe in detail any other similar incidents, and the dates, entities involved, whether litigation resulted, and the resolution of the incident. Defendant answered without waiving certain objections, that "Defendant is not aware of a similar incident. See the depositions of Mr. Galloway and Ms. Ecklund." The court finds Defendant's answer is responsive to the question asked and will not order Defendant to further answer.

**Interrogatory No. 15** asks Defendant to describe in detail how it calculated Galloway's pay and compensation for the year prior to and including the accident. Defendant answered, "Mr. Galloway was paid 40 cents per mile as well as additional stop pay. See the deposition of Mr. Galloway." The court finds Defendant's answer is responsive to the question asked and will not order Defendant to further answer.

In sum, the court finds Defendant's supplemental answers to Interrogatory Nos. 5(c) and (d), 7, and 12(a)-(g) were not answered fully and completely. The court will grant Plaintiffs' motion to compel with respect to those interrogatories, and orders Defendant to produce full, complete, and correct responses.

**Requests for Production of Documents**

Plaintiffs argue that Defendant's supplemental responses remain deficient to Request for Production of Document Numbers 4, 7, 8, 10, 11, 12, 13, 19-47, 49-75, 77-83, and 93. Rule 34(a) contemplates production of responsive materials, within the scope of Rule 26(b), which are in the possession, custody or control of the responding party. "[D]ocuments are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *Healthcare Mgmt. Sols., Inc. v. Hartle*, No. 8:07CV05, 2007 WL 1726585, at *3 (D. Neb. June 13, 2007). Additionally, in certain circumstances respondents may be required to obtain documents from a third-party. *Id.* "All parties are entitled reasonable access to 'all evidence bearing on the controversy between them, including that in control of adverse parties. This, of course, requires the absolute honesty

4

of each party in answering discovery requests and complying with discovery orders.'" *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 609 (D. Neb. 2001) (quoting *Litton Sys., Inc. v. Am. Tel. & Tel. Co.*, 91 F.R.D. 574, 576 (S.D. N.Y. 1981)).

The court has reviewed Defendant's responses to the disputed requests for production. With respect to request numbers 4, 7, 8, 19-47, 49-75, 77-83, and 93, it is unclear whether Defendant has produced all responsive documents after conducting a good-faith and diligent search for responsive materials. For example, Plaintiffs state they requested several documents regarding:

> 1) records of violations for Galloway; 2) drug testing results for Galloway; 3) records of claims for loss; 4) notifications of driver violations of Galloway; 5) methods for calculating payment of compensation of calculation; 6) disability claims for Galloway; 7) driver logs for Galloway; 8) dispatch logs for Galloway; 9) maintenance records for Galloway; 10) repair bills or estimates for vehicles involved; 11) communications by or between Galloway and Defendant; 12) agreements between Galloway and Defendant in effect at the time of the incident in question; 13) work reports for Galloway; [and] 14) driver orientation programs offered to Galloway.

(Filing No. 28 at p. 28). Defendant responded to the majority of the above requests stating it is "not in possession of any responsive documents." (Filing No. 29-1; Filing No. 40). The Federal motor Carrier Safety Act, 49 CFR §§ 390-391, would require Defendant to maintain many of these types of records. Additionally, during the deposition of Defendant's Rule 30(b)(6) representative, Lana Ecklund, she testified that she did not search its email server for any documents that might be responsive to many of the above requests, and that although Defendant keeps an "accident file drawer" for driver accidents by year, she did not search the drawer for responsive documents, and was not sure who did. (Filing No. 43-3 at pp. p. 21-22). In consideration of the above, the court will require Defendant to serve amended responses to Plaintiffs' document request numbers 4, 7, 8, 19-47, 49-75, 77-83, and 93, (a) identifying Defendant's efforts to obtain and provide responsive documents; (b) indicating whether responsive documents do or do not exist;

and (c) indicating whether all responsive documents have been produced after a diligent and good faith effort to locate and identify responsive materials.

Additionally, Defendant objects to Requests for Production of Documents 10, 11, 12 and 13, on the basis that the requests are not relevant or proportional to Plaintiffs' needs in this case. Generally, these requests seek documents pertaining to Defendant's financial condition from January 1, 2010, to the present. (Filing No. 29-1 at pp. 4-6). Defendant argues these requests are relevant only to Plaintiffs' punitive damage claims, which are not recognized in Nebraska. (Filing No. 39 at p. 5).

"It is well-established that under federal law, evidence of the defendants' financial worth is relevant to a claim for punitive damages." *North Dakota Fair Housing Council, Inc. v. Allen*, 298 F.Supp.2d 897, 899 (D. N.D. 2004). Thus, "[t]he discovery of financial records of a defendant in order to prepare a case on the issue of punitive damages is permissible." *Id.* See also *Bessier v. Precise Tool & Eng'g Co., Inc.*, 778 F. Supp. 1509, 1514 (W.D. Mo. 1991) (noting a plaintiff is "clearly entitled to the discovery of financial records of defendant in order to prepare a case on the issue of punitive damages.").

The court has reviewed the Complaint and concludes that Plaintiffs have alleged facts sufficient to indicate a basis for punitive damages. See *Hughes v. Groves*, 47 F.R.D. 52, 55 (W.D. Mo. 1969) ("No *prima facie* showing in punitive damages is required to justify discovery."). Defendant is a Wisconsin corporation and Plaintiffs rely on Wisconsin law in support of their punitive damages claim. Although the choice of law issue is a matter to be conclusively determined at a later date, at this stage of the proceedings, Plaintiffs will be permitted to conduct discovery to prepare a case on their punitive damages claim.

However, only Defendant's current financial status is relevant to the issue of punitive damages. See *Hughes*, 47 F.R.D. at 55 ("Past earnings and worth cannot reasonably lead to relevant information on the issue of punitive damages."); *U.S. v. Autumn Ridge Condominium Ass'n, Inc.*, 265 F.R.D. 323 (N.D. Ind. 2009) (holding, in action brought under the Fair Housing Act, that only information concerning the defendants'

6

current financial status was relevant to the issue of punitive damages.). Therefore, the court will limit discovery of the requested financial information to a period from January 1, 2012, to the present. Accordingly,

**IT IS ORDERED:** Plaintiffs' First Motion to Compel Discovery and for Modification of Final Progression Order ([Filing No. 28](#)) is granted, in part. By or before January 13, 2017, Defendant shall:

1. Produce full, complete, and correct responses to Interrogatory Nos. 5(c) and (d), 7, and 12(a)-(g);

2. Serve amended responses to Requests for Production of Document Numbers 10, 11, 12, and 13, for the time period from January 1, 2012, to the present; and

3. Serve amended responses to Requests for Production of Document Numbers 4, 7, 8, 19-47, 49-75, 77-83, and 93, (a) identifying Defendant's efforts to obtain and provide responsive documents; (b) indicating whether responsive documents do or do not exist; and (c) indicating whether all responsive documents have been produced after a diligent and good faith effort to locate and identify responsive materials.

**DATED: December 22, 2016.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**