IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INDERJEET BASRA, individually and as Personal Representative for the ESTATE OF ATINDERPAL SINGH; DILSHAAN S. REHAL, by and through his next friend, INDERJEET BASRA, <br><br> Plaintiffs, <br><br> v. <br><br> ECKLUND LOGISTICS, INC., <br><br> Defendant. | 8:16CV83 <br><br> ORDER |

This matter is before the court on Plaintiffs' Motion for Sanctions and Second Motion to Compel Discovery (Filing No. 69). The court will grant the motion, in part, and in part deny the motion.

Plaintiffs are the surviving spouse and child of Atinderpal Singh, who perished after a trailer-tractor accident near York, Nebraska, on August 8, 2012, wherein Singh's tractor-trailer collided with a tractor-trailer driven by Freddy Galloway, an employee of Defendant. Plaintiffs initially filed suit against Defendant and others in California state court in 2014. (Filing No. 81-6). After the California court determined Nebraska provided the more suitable forum, Plaintiffs filed this action against Defendant on February 17, 2016, for negligence, loss of consortium, and punitive damages. (Filing No. 1).

The current discovery dispute concerns Plaintiffs' continuing complaints regarding Defendant's production of documents and failure to verify and sign that its interrogatory answers were made under oath. Plaintiffs allege that Defendant spoliated evidence by intentionally destroying or failing to preserve relevant documents in anticipation of

1

litigation, and request sanctions in the form of an adverse inference instruction to the jury that the destroyed evidence would have favored Plaintiffs' case and would have been unfavorable to Defendant. Plaintiffs also request attorney's fees and costs and an order compelling Defendant to provide a properly signed verification for each set of its interrogatory answers and to produce certain documents in compliance with this court's previous Order (Filing No. 53).

In response, Defendant denies it spoliated any evidence, and claims the documents alleged to have been intentionally destroyed never existed, were available to Plaintiffs from other sources, or were destroyed in the ordinary course of business. Defendant also asserts Plaintiffs' motion is now partially moot because Defendant has since supplemented its discovery responses and provided a signed verification to address Plaintiffs' issues. (Filing No. 77 at p. 2). Plaintiffs acknowledge Defendant's supplementation; however, Plaintiffs argue that the supplementation occurred after the parties' agreed upon (and court ordered) deadline of January 10, 2017, and after Plaintiffs filed this motion. (Filing No. 80 at pp. 16-18). Plaintiffs also maintain that Defendant's recently provided verification (Filing No. 78-1 at p. 3) is insufficient because it fails to specify which of the three sets of interrogatory responses it covers. (Filing No. 80 at p. 18).

## DISCUSSION

I.   **Spoliation**

Plaintiffs assert that Defendant had a duty to preserve all relevant and discoverable materials beginning on August 8, 2012, the date of the accident, because at that time Defendant knew or should have known of possible future litigation. In particular, Plaintiffs contend relevant evidence that was not preserved by Defendant includes Galloway's driver logs, Qualcomm data (the system used at the time of the accident to track of Defendant's truck's mileage and location), PeopleNet server data (the system that replaced Qualcomm), Defendant's accident report and accident register, the version of the

driver's handbook provided to Galloway, and Galloway's driver qualification files. Plaintiffs request an adverse inference jury instruction due to Defendant's alleged spoliation of the above evidence.

"[F]ederal law applies to the imposition of sanctions for the spoliation of evidence." *Sherman v. Rinchem Co.*, 687 F.3d 996, 1006 (8th Cir. 2012). When a party alleges spoliation of evidence, the court "is required to make two findings before an adverse inference instruction is warranted: (1) 'there must be a finding of intentional destruction indicating a desire to suppress the truth,' and (2) '[t]here must be a finding of prejudice to the opposing party.'" *Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 460 (8th Cir. 2013) (quoting *Stevenson v. Union Pac. R. Co.*, 354 F.3d 739, 746, 748 (8th Cir. 2004)). "The ultimate focus for imposing sanctions for spoliation of evidence is the intentional destruction of evidence indicating a desire to suppress the truth, not the prospect of litigation." *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007) (quoting *Morris v. Union Pac. R.R.*, 373 F.3d 896, 901 (8th Cir. 2004)). If spoliation occurs, "[a] court's inherent power includes the discretionary ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Sherman v. Rinchem Co.*, 687 F.3d 996, 1006 (8th Cir. 2012).

In reviewing the evidence submitted by the parties, the court finds Plaintiffs have not established Defendant intentionally destroyed evidence with a desire to suppress the truth. Defendant's evidence indicates the information requested by Plaintiffs did not exist, was obtained by Plaintiffs through other sources, or was purged by the company per DOT regulations.

With respect to Plaintiffs' request for Defendant's accident report and accident register, deposition testimony from Defendant's president, Kirk Ecklund, indicates that Defendant did not conduct its own investigation into the accident and instead the company relied on the investigations of law enforcement and their insurer. (Filing No. 78-5 at p. 102, 106). Additionally, according to deposition testimony from Dean Briesmeister (Defendant's safety director at the time of the accident), Defendant's accident register

would have included basic information about the accident, including the name of the driver involved, the fact that there was a death, the fact that Galloway was hurt, when and where the accident occurred, and no information regarding fault -- all information Plaintiffs already have from other sources. (Filing No. 78-7 at p. 42).

With respect to the unavailable Qualcomm data, a representative of Defendant testified that Qualcomm would have had no information in it from the date of the accident regarding Galloway's driving times because Galloway was "computer illiterate" and did not enter his logs into Qualcomm. PeopleNet also would not have information in it from the date of the accident because Defendant did not save any of the information from the Qualcomm server when Defendant transitioned from Qualcomm to PeopleNet approximately three years ago. (Filing No. 78-5 at pp. 13-15). More importantly, Galloway's physical driving logs for the period of time leading up to and including the accident were taken by law enforcement and have been produced to Plaintiffs during discovery. Counsel was able to question Kirk Ecklund, Galloway, and Briesemeister about Galloway's driving logs from the time of the accident. (Filing No. 78-5 at p. 96, Filing No. 78-7 at pp. 87-88; Filing No. 78-8).

Plaintiffs also seek Galloway's driver qualification file. According to the deposition testimony of Briesemeister, Galloway's driver qualification file would have included his physical, a road test motor vehicle record, Social Security card, job application, driver's license, medical card, recap of his hours for the week before his hire, and an acknowledgement of receipt of a copy of the DOT Green Book. (Filing No. 78-7 at p. 21-23, 84). Briesemeister testified the file is kept in the case of a DOT audit. (Filing No. 78-7 at p. 21). Lana Ecklund testified Galloway's driver qualification file was destroyed as permitted by DOT regulations after Galloway was no longer an active driver or employee. (Filing No. 78-6 at p. 64). Plaintiffs have been able to discover some of the relevant information that would have been contained in the driver qualification file, including questioning Galloway about the driver qualification test. (Filing No. 78-8 at pp. 24-27).

4

Finally, Defendant produced its current driver's handbook to Plaintiffs, as Defendant did not have the 2012 version of the handbook that Galloway would have had at the time of the accident. However, counsel for Plaintiffs was able to question Defendant's witnesses regarding the differences and changes in the two handbooks.

In review of the above evidence, the court finds that although Defendant's record-keeping is less than meticulous, including the company's acceptance of Galloway's "computer illiteracy" to excuse his failure to enter his hours into the Qualcomm system, the Eighth Circuit has "rejected a spoliation instruction on the basis of mere negligence." *United States v. Tyerman*, 701 F.3d 552, 561 (8th Cir. 2012) (citing *Stevenson*, 354 F.3d at 746-47). Many of the records sought by Plaintiffs appear to have been kept pursuant to DOT guidelines and later purged by Defendant in the regular course of business pursuant to DOT guidelines, without suggestion that they were destroyed intentionally with a desire to suppress the truth. Moreover, Plaintiffs cannot show prejudice as Plaintiffs have obtained much of the information sought from Defendant through other sources and depositions. The court concludes Defendant has not engaged in conduct that would warrant the sanction of an adverse jury instruction for spoliation of evidence. Therefore, the court denies Plaintiffs' motion with respect to its claim for spoliation.

## II.    Document Production, Fees and Costs, and Verification

The court previously ordered Defendant to produce certain documents, including Defendant's 2012 financial documents, by or before January 13, 2017. (Filing No. 53 at p. 7). By a court-approved stipulation of the parties, this deadline was amended to January 10, 2017. (Filing No. 59). Plaintiffs acknowledge Defendant supplemented its production in response to Plaintiffs' motion, but argue the supplementation was untimely. Additionally, Plaintiffs assert Defendant's verification of its answers to interrogatories was not proper.

Fed. R. Civ. P. 33(b) requires answers to interrogatories be made in writing, given under oath, and signed by the person giving the answers, verifying the truth and completeness of the answers. See Fed. R. Civ. P. 33(b)(3) and (5). The verification provided by Lana Ecklund on behalf of Defendant states, "I have read the foregoing Answers to Interrogatories to Defendant and that they are true and accurate as I verily believe." As noted by Plaintiffs, Defendants have provided three sets of answers to interrogatories, but the above verification generally refers to "Answers to Interrogatories." Therefore, the court finds that Defendant must amend its verification for each set of its answers to interrogatories to comply with the signature and verification requirements of Rules 33(b)(3) and (5).

As a sanction for failing to comply with a court order, Plaintiffs seek reasonable expenses incurred in making its motion, including attorney's fees and costs. "A district court has discretion under Rule 37 . . . to impose appropriate sanctions for the failure to make discovery." *Laclede Gas Co. v. G. W. Warnecke Corp.*, 604 F.2d 561, 565 (8th Cir. 1979). "If a party . . . fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2). Sanctions may include any reasonable costs or attorney's fees incurred in having to bring a motion to compel. Fed. R. Civ. P. 37(d)(3). The court's previous order required Defendant to produce financial statements from 2012 to the present. Defendant indicates it produced financial documents to Plaintiffs, but inadvertently omitted its 2012 income statement and balance sheet with its production of its other financial information from the years 2010, 2011, 2013, and 2014. Defendant also provides reasonable explanations for its delayed production of training videos. The court has reviewed the arguments and evidence submitted by the parties and concludes that under the circumstances, the imposition of sanctions against Defendant is not warranted. Accordingly,

6

**IT IS ORDERED:**   Plaintiffs' Motion for Sanctions and Second Motion to Compel Discovery (Filing No. 69) is granted in part, and in part denied, as set forth above; and

Defendant shall amend its verification for each set of its answers to interrogatories to comply with the signature and verification requirements of Rules 33(b)(3) and (5) on or before April 10, 2017.

**DATED:   March 31, 2017.**

                              **BY THE COURT:**

                              **s/ F.A. Gossett, III**
                              **United States Magistrate Judge**