# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| INDERJEET BASRA, individually and as ) | |
| Personal Representative for the ESTATE OF ) | Case No.: 8:16CV83-LSC-FG3 |
| ATINDERPAL SINGH; DILSHAAN S. ) | |
| REHAL, by and through his next friend, ) | **ORDER ON FINAL PRETRIAL** |
| INDERJEET BASRA, ) | **CONFERENCE** |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ECKLUND LOGISTICS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

A final pretrial conference was held on the 17th day of April, 2017.

Appearing for the parties as counsel were:

Justin R. Kaufman and Stephen J. Kelly (Robins Cloud LLP) and James Welsh (Welsh & Welsh P.C.) for the Plaintiffs.

Dan H. Ketcham (Engles, Ketcham, Olson & Keith, P.C.) for the Defendant.

**(A) Exhibits.** See Plaintiffs' Exhibit List attached as **Exhibit A**[1] and Defendant's Exhibit List attached as **Exhibit B**.

Caution: Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference. The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

**(B) Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

---

[1]    Defendant intends to supplement this exhibit with its objections to Plaintiff's Amended Exhibit Lists on or before the date of the pre-trial conference.

1. The motor vehicle collision that forms the basis for Plaintiffs' complaint occurred on August 8, 2012 on Interstate 80 in York, Nebraska.

2. At the time of the motor vehicle collision on August 8, 2012, Plaintiff Inderjeet Basra was the legal spouse (wife) of decedent Atinderpal Singh.

3. At the time of the motor vehicle collision on August 8, 2012, Plaintiff Gavan S. Rehal was the legal issue (son) of decedent Atinderpal Singh.

4. At all relevant times, Freddie Galloway, the driver of the Ecklund tractor-trailer at the time of the collision, was an employee of Ecklund Logistics, Inc. and was working in the course and scope of his employment with Defendant Ecklund Logistics, Inc.

5. On August 8, 2012, just before 4:30 p.m., Freddie Galloway was driving an Ecklund tractor-trailer eastbound on Interstate 80. At the same time, Plaintiffs' decedent Atinderpal Singh was also driving a tractor-trailer eastbound on Interstate 80 behind the Ecklund tractor-trailer driven by Freddie Galloway

6. On August 8, 2012, at approximately 4:30 p.m., the front of Plaintiffs' decedent, Atinderpal Singh's, tractor-trailer collided with the Ecklund tractor-trailer being driven by Freddie Galloway.

7. Atinderpal Singh died as a result of the injuries he suffered on August 8, 2012.

**(C) Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the court's attention are:

All claims which are generally controverted:

## Plaintiffs' Claims:

      1)    CLAIM ONE:  Negligence – Respondeat Superior against Ecklund Logistics, Inc.

          a. That Freddie Galloway, a truck driver, had a duty of care to Atinderpal Singh in the operation of his vehicle;
          b. That Freddie Galloway breached such duty of care to Atinderpal Singh;
          c. That Freddie Galloway's breach of such duty care was a proximate cause of Atinderpal Singh's death; and
          d. That Plaintiffs were damaged thereby.

      2)    CLAIM TWO: Negligence against Ecklund Logistics, Inc.

          a. That Defendant Ecklund Logistics, Inc. had a duty of care to Atinderpal

Singh in the hiring, training, monitoring and supervision of its agents and employees, including Freddie Galloway;

b. That Defendant Ecklund Logistics, Inc. breached such its duty of care in its hiring, training, monitoring and supervision of Freddie Galloway;

c. That Defendant Ecklund Logistics, Inc.'s breach of its duty of care was a proximate cause of Atinderpal Singh's death; and

d. That Plaintiffs were damaged thereby.

3) CLAIM THREE: Loss of Consortium against Ecklund Logistics, Inc.

a. Atinderpal Singh was harmed by the acts and/or omissions of Freddie Galloway and Ecklund Logistics, Inc.;

b. That the death of decedent Atinderpal Singh proximately caused loss of consortium to Plaintiffs.

4) CLAIM FOUR: Punitive Damages under Wis. Stat. Ann. § 895.043 against Defendant Ecklund Logistics, Inc.

a. That Defendant Ecklund Logistics acted maliciously toward Atinderpal Singh or in an intentional disregard of the rights of Atinderpal Singh in the hiring, training, monitoring and supervision of Freddie Galloway and through the acts and/or omissions of its agents and employees, including Freddie Galloway.

**Defendant's Defenses**:

5). Whether Plaintiff's claims are barred by the stature of limitations.

6). Whether the proximate cause of the accident was the negligence of Plaintiffs' Decedent, which negligence is imputed, in the following particulars:

   a) In failing to yield the right-of-way;

   b) In traveling at a speed which was unsafe for conditions then and there existing;

   c) In failing to keep a proper lookout;

   d) In failing to keep his vehicle under proper control;

   e) In failing to exercise reasonable care for his own safety; and

   f) In failing to slow for emergency conditions and emergency vehicles which were plainly visible.

7) Whether Count II of Plaintiffs' Complaint fails to state a cause of action as to Defendant.

8) Whether Count IV of Plaintiffs' Complaint fails to state a cause of action as to Defendant.

9) Whether Plaintiffs' Decedent was not wearing a seatbelt and whether Nebraska's statutory seatbelt defense applies.

The contested issues of fact for decision by the jury are:

1. Whether Freddie Galloway was negligent in his failure to keep a proper lookout, becoming distracted while driving, performing an unsafe and unreasonably dangerous lane change, driving while overly fatigued, violating provisions of the Federal Motor Carrier Safety Act 49 C.F.R. §395.8(e) and 395.3(b)(2), and/or otherwise acting without the reasonable care required of him under the circumstances.

2. Whether Defendant Ecklund Logistics, Inc. was negligent in hiring Galloway, in failing to properly train Galloway, in failing to properly monitor Galloway, and/or in violating Federal Motor Carrier Safety Regulations 49 C.F.R. §§ 390.13, 395.8(e), and/or 395.3(b)(2), and/or otherwise acting without the reasonable care required of it under the circumstances.

3. Whether the negligence of Defendant Ecklund Logistics, Inc. was a proximate cause of Atinderpal Singh's death and Plaintiffs' damages.

4. The value of the wrongful death damages to Inderjeet Basra as Personal Representative of the Estate of Atinderpal Singh.

5. The value of personal injury damages, including consequential losses, pecuniary losses, and pre-death pain and suffering, pursuant to Neb. Rev. Stat. § 25-1401 et seq. and funeral and burial expenses by and through Inderjeet Basra as Personal Representative for the Estate of Atinderpal Singh.

6. The value of loss of consortium damages to Plaintiffs Inderjeet Basra, individually, and Dilshaan S. Rehal, individually, by and through his next friend Inderjeet Basra.

7. Whether Defendant acted maliciously, outrageously, and/or in a manner that demonstrated an intentional and wanton disregard of the personal rights of Decedent Atinderpal Singh and Plaintiffs by knowing and allowing violations of the Federal Motor Carrier Safety Regulations, knowing and allowing numerous violations of traffic violations, and by knowing and allowing Galloway to drive while distracted, fatigued, and in excess of federal hours of service regulations.

8. The amount of actual and punitive damages, if any, to be awarded to the Plaintiffs.

9. Whether Plaintiff's decedent was negligent and was the sole cause or a 50% cause of the accident, thus barring recovery.

**ORDER ON FINAL PRETRIAL CONFERENCE**

The contested issues of law remaining for decision by the Court are:

1. Whether the law of the State of Wisconsin applies to Plaintiffs' claims for punitive damages as against Defendant Ecklund Logistics, Inc.

2. Whether Plaintiffs are entitled to prejudgment interest on any judgment entered in this matter pursuant to Neb. Rev. St § 45-103.02

3. All Matters raised in the parties' respective Motions in Limine;

4. All Matters raised in Defendant's Motion for Summary Judgment:

5. Whether Plaintiffs' claims are barred by the stature of limitations.

6. Whether the proximate cause of the accident was the negligence of Plaintiffs' Decedent, which negligence is imputed, in the following particulars:

   a) In failing to yield the right-of-way;

   b) In traveling at a speed which was unsafe for conditions then and there existing;

   c) In failing to keep a proper lookout;

   d) In failing to keep his vehicle under proper control;

   e) In failing to exercise reasonable care for his own safety; and

   f) In failing to slow for emergency conditions and emergency vehicles which were plainly visible.

7. Whether Count II of Plaintiffs' Complaint fails to state a cause of action as to Defendant.

8. Whether Count IV of Plaintiffs' Complaint fails to state a cause of action as to Defendant.

9. Whether Plaintiffs' Decedent was not wearing a seatbelt and invokes Nebraska's seatbelt defense statute.

Plaintiff also believes that whether Plaintiffs are entitled to a jury instruction of a negative inference based on Defendant Ecklund Logistics, Inc.'s spoliation of evidence in this case is an additional contested issue of law remaining for decision by the Court; Defendant disagrees citing the Court's Order dated 3/31/17 (Dkt. No. 94).

Unresolved Matters Requiring the Court's Attention:

1. Pursuant to NeCivR 30.1 (e) and (f), as many of the below-identified witnesses will be

**ORDER ON FINAL PRETRIAL CONFERENCE**

played for the jury through the use of video depositions, Plaintiffs propose the following schedule regarding the offering of any such videotaped depositions at the time of trial:

a. Any party proposing to offer all or any portion of a deposition shall notify opposing counsel at least 14 days before trial of the offers to be made *(unless the necessity for using the deposition develops unavoidably thereafter).*

b. If an objection is to be made, or if additional portions of a deposition are to be requested, opposing counsel will notify offering counsel at least 10 days before trial of such objections or requests.

c. If any differences cannot be resolved, the Court must be notified in writing of such differences at least 7 days before trial. Any party seeking to exclude such testimony must provide a transcript of such testimony sought to be excluded and the legal basis for exclusion thereof.

d. Upon the Court's ruling of any such objections filed by any party, the party offering such testimony shall deliver a copy of the edited video testimony to all parties within 1 day of the Court's ruling. The parties to follow all remaining rules prescribed by NeCivR. 32.1(c).

2. All Matters raised in the parties respective Motions in Limine;

3. All Matters raised in Defendant's Motion for Summary Judgment;

4. Start date of trial, length of trial, and allotment of time.

**(D) Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

Plaintiffs will call the following:

1. **Inderjeet Basra**, 1941 Louis Ct., Yuba City, CA 95993
2. **Freddie Galloway**, 812 W. Galena St. #6, Milwaukee, WI 53205
3. **Corporate Representative of Ecklund Logistics, Inc.**, c/o Dan H. Ketcham, Esq., Engles, Ketcham, Olson & Keith, P.C., 1350 Woodmen Tower, Omaha, NE 68102
4. **Dale Bennett**, c/o Brian O'Hara, Esq., LAW OFFICES OF DENNIS P. ISAAC, 121 Spear St., Suite 410
5. **Mark Coleman**, 2615 Blake Ave. NW, Apt. 11, Canton, OH 44718
6. **Bryan Wroblewski**, Nebraska State Patrol, Carrier Enforcement Division, 1600 Highway 2, Lincoln, NE 68502
7. **Bruce Winn**, York County Sheriff Department, 510 N. Lincoln Ave., York, NE 68467
8. **Kirk Ecklund**, c/o Dan H. Ketcham, Esq., Engles, Ketcham, Olson & Keith, P.C., 1350 Woodmen Tower, Omaha, NE 68102

**ORDER ON FINAL PRETRIAL CONFERENCE**

9. **Lana Ecklund**, c/o Dan H. Ketcham, Esq., Engles, Ketcham, Olson & Keith, P.C., 1350 Woodmen Tower, Omaha, NE 68102

10. **Dean Briesemeister**, 209 N. 5th St., Winneconne, WI 54986

11. **Rob Paffenroth**, c/o Dan H. Ketcham, Esq., Engles, Ketcham, Olson & Keith, P.C., 1350 Woodmen Tower, Omaha, NE 68102

Plaintiffs may call the following:

1. **Cathy Coleman**, 2615 Blake Ave. NW, Apt. 11, Canton, OH 44718

2. **Dale Radcliff**, York County Sheriff Department, 510 N. Lincoln Ave., York, NE 68467

3. **Josh Gillespie**, York County Sheriff Department, 510 N. Lincoln Ave., York, NE 68467

4. **Paul Vrbka**, York County Sheriff Department, 510 N. Lincoln Ave., York, NE 68467

5. **John Kulogo**, 2539 Oak Ridge Rd., Neenah, WI 54956

Plaintiffs may also call the following for foundation purposes only:

1. **Corporate Representative and Custodian of Business Records**
   **York County Sheriff Department (F)**
   510 N. Lincoln Ave.
   York, NE 68467
   Telephone: (402) 362-4927

2. **Corporate Representative and Custodian of Business Records**
   **Nebraska State Patrol (F)**
   1600 Highway 2
   Lincoln, NE 68502
   Telephone: (308) 991-3438

3. **Corporate Representative and Custodian of Business Records**
   **York County Attorney's Office (F)**
   510 Lincoln Ave.
   York, NE 68467
   Telephone: (402) 362-5583

4. **Corporate Representative and Custodian of Business Records**
   **State of Nebraska**
   **Department of Health and Human Services (F)**
   301 Centennial Mall South
   Lincoln, NE 68509
   Telephone: (402) 471-3121

5. **Corporate Representative and Custodian of Business Records**
   **Nebraska Department of Roads (F)**

**ORDER ON FINAL PRETRIAL CONFERENCE**

PO Box 94612
Lincoln, NE 68509-4612
Telephone: (402) 471-2515

6.  **Corporate Representative and Custodian of Business Records**
    **York County Fire Department (F)**
    815 N. Grant Ave.
    York, NE 68467
    Telephone: (402) 363-2610

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1.  Freddie Galloway, former truck driver with Defendant.

2.  Lana Ecklund, Operations, oversees day-to-day operations of the business entity, see her deposition for her current address and phone number.

3.  Kirk Ecklund, President of Ecklund Logistics, see his deposition for his current address and phone number.

4.  Rob Paffenroth, Safety Director, Ecklund Corporate office, see his deposition for his current address and phone number.

5.  Dean Briesemeister, former safety director, see his deposition for his current address and phone number.

6.  John Kulogo, former Ecklund dispatcher, see his deposition for his current address and phone number.

7.  York County Sheriff's Deputy Bruce Winn, see his deposition for his current address and phone number.

8.  Bryan Wroblewski, Trooper with the Nebraska State Patrol, see his deposition for his current address and phone number.

9.  Dale Bennett, witness, see his deposition for his current address and phone number.

10. York County Sheriff, Dale Radcliff, see Plaintiffs' Answers to Interrogatories and his deposition for his current address and phone number.

11. Mark Coleman, witness, see his deposition for his current address and phone number.

12. Cathy Coleman, witness, see her deposition for her current address and phone number.

**ORDER ON FINAL PRETRIAL CONFERENCE**

13. Defendant's expert witness, Steve Sokol.

14. Steve Irwin, Plaintiffs' expert witness.

15. Any witness identified by Plaintiffs above.

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

**(E) Expert Witnesses' Qualifications.** Experts to be called by plaintiff and their qualifications are:

1. Lew Grill – See curriculum vitae attached as **Exhibit C**.
2. Steve Irwin – See curriculum vitae attached as **Exhibit D**.
3. David Rosenbaum – See curriculum vitae attached as **Exhibit E**.

Experts to be called by Defendant and their qualifications are:

1. Steve Sokol- See curriculum vitae attached as **Exhibit F**.
2. Steve Irwin, Plaintiff's expert, see **Exhibit D**.

**(F) Voir Dire.** Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

The Court and attorneys from both sides will conduct voir dire pursuant to Federal Rule Civil Procedure 47(a) and NECivR 47.2(a). The time limit for this voir dire is to be determined by the Court. Plaintiffs suggest 60 minutes for each side.

**(G) Number of Jurors.** Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 suggest that this matter be tried to a jury composed of 12 members.

**(H) Verdict.** The parties will not stipulate to a less-than-unanimous verdict.

**(I) Briefs, Instructions, and Proposed Findings.** Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

1. Trial briefs to be filed at least 7 days before trial.
2. Proposed jury instructions to be filed at least 7 days before trial, objections to jury instructions to be filed at least 3 days before trial.

**(J) Length of Trial.** Counsel estimate the length of trial will consume not less than 3 day(s), not more than 10 day(s), and probably about 6 days.

**ORDER ON FINAL PRETRIAL CONFERENCE**

**(K) Trial Date.** Trial is set for May 16, 2017.

Dated: April |7, 2017

Respectfully submitted,

*/s/ Justin R. Kaufman*
Justin R. Kaufman
ROBINS CLOUD LLP
505 Cerrillos Road, Suite A209
Santa Fe, New Mexico 87501
Telephone: (505) 986-0600
Facsimile: (505) 986-0632

Bill Robins III
Stephen J. Kelly
ROBINS CLOUD LLP
808 Wilshire Blvd., Suite 450
Santa Monica, CA 90401
Telephone: (310) 929-4200
Facsimile (310) 566-5900

Christopher P. Welsh, #22279
WELSH & WELSH, PC, LLO
9290 w. Dodge Rd., #204
Omaha, NE 68114
Telephone: (402) 384-8160

*Attorneys for Plaintiffs*

Dan H. Ketcham, #18930
ENGLES, KETCHAM, OLSON
& KEITH, P.C.
1350 Woodmen Tower
Omaha, NE 68102
(402) 348-0900

*Attorneys for Defendant*

**BY THE COURT:**

_____
**United States Magistrate Judge**
4/17/17

**ORDER ON FINAL PRETRIAL CONFERENCE**

# EXHIBIT A

Pl'J EX
LIST

| Deposition Exhibit | Description | Dates | ID Number | Obj | Rel | RCVD | NOT RCVD |
|---|---|---|---|---|---|---|---|
| 1 | Bennett Ex 3; Coleman, M | Family Photos | BASRA_00 0010- | TD000010-000023 | | | ✓ | |
| 2 | Briesemeister | Driver Vehicle | Driver | TD000980- | | Rel. | | |
| 3 | Ecklund, K Ex | Driver Vehicle | Driver | TD000978- | | Rel. | | |
| 4 | Galloway Ex 7; Wroblewski | Galloway driver logs from 8/1/12-8/8/12. | Nebraska State | TD000106-108; 105; | | Rel. | | |
| 5 | Kulogo Ex 2; Wroblewski, | Neenah Paper Bill of Lading dated 8/3/12. | | TD001049 | | Rel. | | |
| 6 | Kulogo Ex 3; Ecklund, L Ex | Anheuser Busch Bill of Lading | | TD000400-000403 | | Rel. | | |
| 7 | Bennett Ex 7; Galloway Ex | Nebraska State Patrol file including Post- | Nebraska State | TD000013 0-000158 | | | ✓ | |
| 8 | Winn Ex 3; | NE Crime Commission - Easy Street Draw - color | 137 | TD002112 | | H, F | | |
| 9 | Bennett Ex 10; Coleman, M | York News Times article with color photos | YORK NEWS- | TD000296-000392 | | H, F | | |
| 10 | Ecklund, K Ex | Ecklund Logistics, Inc. | 000238- | TD001488- | | Rel. | | |
| 11 | Bennett Ex 6; | Scene diagram drawn by | 38 | TD002441 | | H, F | | |
| 12 | | York County Attorney | York | TD002531- | | H, F | | |
| 13 | | Photos of scene | | TD000422- | | | ✓ | |
| 14 | | Photos Part 1 - produced | | TD000734- | | | ✓ | |
| 14 | | Photos Part 2 - produced | | TD000840- | | | ✓ | |
| 15 | Bennett Ex 1; | Google maps - aerial | BASRA_00 | TD000001- | | | ✓ | |
| 15 | Bennett Ex 2; Galloway Ex | Google maps - images approaching Exit 348, | Google Maps_Acci | TD000418-000420 | | | ✓ | |
| 16 | | Video 00001 - Video | | TD000408 | | | ✓ | |
| 17 | | Video 00002 - Video | | TD000409 | | | ✓ | |

| 18 | | Video 00004 - Video | Plaintiffs' First Ame TD000411 | | | ✓ | |
|----|---|---|---|---|---|---|---|
| 19 | | Video post crash [36 sec | | TD000412 | | | ✓ | |
| 20 | | Video post crash [28 sec | | TD000413 | | | ✓ | |
| 21 | | Video post crash [38 sec | | TD000414 | | | ✓ | |
| 22 | | Video post crash [12 sec | | TD000415 | | | ✓ | |
| 23 | | Video - | | TD000417 | | | ✓ | |
| 24 | | Video Drivethrough of | | TD000421 | | | ✓ | |
| 25 | Ecklund, K Ex | 2010 Tax Return - | 000149- | TD002442- | | Rel. | | |
| 26 | Ecklund, K Ex | 2011 Tax Return - | 000160- | TD002453- | | Rel. | | |
| 27 | Ecklund, K Ex | 2012 Tax Return - | 000174- | TD002467- | | Rel. | | |
| 28 | Ecklund, K Ex | 2013 Tax Return - | 000188- | TD002481- | | Rel. | | |
| 29 | Ecklund, K Ex | 2014 Tax Return - | 000206- | TD002499- | | Rel. | | |
| 30 | Ecklund, K Ex | Ecklund Logistics, Inc. | 000222- | TD002515- | | Rel. | | |
| 31 | Ecklund, K Ex | Ecklund Logistics, Inc. | 000226- | TD002519- | | Rel. | | |
| 32 | Ecklund, K Ex | Ecklund Logistics, Inc. | 000230- | TD002523- | | Rel. | | |
| 33 | Ecklund, K Ex | Ecklund Logistics, Inc. | 000234- | TD002527- | | Rel. | | |
| 34 | | Select portions of Lew | | | | H, F | | |
| 35 | | Select portions of Steve | | | | H, F | | |
| 36 | | Select portions of David | | | | H, F | | |
| 37 | | Declaration of Inderjeet | | | | H, F | | |
| 38 | | Demonstratives | | | | H, F | | |
| 39 | | Training Video - Hours | | | | Rel. | | |
| 40 | | Tax Returns for 2010, | BASRA_00 | TD000024- | | Rel. | | |
| 41 | Bennett Ex 4; | Post accident photos | BASRA_00 | TD000081- | | | ✓ | |
| 42 | Ecklund, L Ex | Truck Title produced by | | TD000404 | | | ✓ | |
| 43 | Ecklund, L Ex | TOTALIFT, 2010 IFTA | | TD000405 | | R | | |
| 44 | | Audio Interview of Dale | | TD000406 | | | ✓ | |
| 45 | | Audio Interview of Freddie Galloway by an | | TD000407 | | | ✓ | |

| 46 | | Video - Crash_019 [1:11 | | TD000418 | | | ✓ | |
|---|---|---|---|---|---|---|---|---|
| 47 | Ecklund, K Ex | Ecklund Logistics | Ecklund | TD000570- | | Rel | | |
| 48 | Galloway Ex | Freddie Galloway | | TD000576 | | H, F, | | |
| 49 | | Ecklund truck Repair Invoice and Super 8 | | TD000969-000971 | | Rel | | |
| 50 | Ecklund, K Ex 10; | FAAR Consulting Vehicle Inspection | | TD000972-000977 | | | ✓ | |
| 51 | | Fax from Ecklund (Briesemeister) to | | TD000096; 000099; | | | ✓ | |
| 52 | Ecklund, K Ex 3; Briesemeister | SAFER list of trucking violations from November 2014 through | Safety Measureme nt System | TD001039-001044 | | Rel | | |
| 53 | Ecklund, K Ex 4; | SMS Crash Report for wreck dated 5/17/15 in Richmond, Kentuck | Safety Measureme nt System | TD001045 | | Rel, H, F | | |
| 54 | Ecklund, K Ex 5; | SMS Carrier Registration Info for | Safety Measureme | TD001046-001047 | | Rel, H, F | | |
| 55 | Ecklund, K Ex 6; | FMCSA EMIS Data Snapshot reflecting | FMCSA Table | TD001048 | | Rel, H, F | | |
| 56 | Ecklund, K Ex 9; Winn, Bruce Ex 6 (page 177, 223- | Selected pages from the NSP file of the accident indicating correspondence between | | TD001050-001058 | | Rel, H, F | | |
| 57 | | WI CDL (AUG 2012) | Wisconsin | TD001059- | | Rel | | |
| 58 | | WI CDL (MAR 2012) | Wisconsin | TD001175- | | Rel | | |
| 59 | | WI CDL (JAN 2008) | Wisconsin | TD001291- | | Rel | | |
| 60 | Ecklund, K Ex 12; | Ecklund corporate documents - articles, | 97-000148 | TD001399-001450 | | Rel | | |

| | | | Plaintiffs' First Amended | | | | |
|----|---------------|-----------------------------------|-------------------|---------------------|-------|---|---|
| 61 | Ecklund, K Ex 23; | Federal Motor Carrier Safety Regulations | 000562; 000861 | TD001812- 002111 | Rel | | |
| 62 | Winn Ex 6; | Contents of NSP file | 140-280; | TD002113- | Rel, | | |
| 63 | | Worker's Compensation Release signed by | BASRA_00 0085- | TD000085- 000087 | Rel, H, F | | |
| 64 | Bennett Ex 5; Galloway Ex | State of Nebraska Investigator's Motor | Nebraska Depart of | TD000088- 000094 | | ✓ | |
| 65 | | York Fire Department | YORK | TD000288- | | ✓ | |
| 66 | Ecklund, L Ex 6; | State of Nebraska Investigator's Motor Vehicle Accident Report | | TD000393- 000399 | | ✓ | |
| 67 | | Video 00003 - Second video of a bud light beer can in the roadway, one | | TD000410 | | ✓ | |
| 68 | Bennett Ex 11; | Dale Bennett Interview | | TD000575 | H, F, | | |
| 69 | Galloway Ex | Wisconsin Commercial | Wisconsin | TD000577- | Rel, | | |
| 70 | Bennett Ex 2; | Google maps - ALSO | | TD000418- | | ✓ | |
| 71 | | Freddie Galloway | | TD000733 | H, F, | | |
| 72 | Ecklund, K Ex | ECM Download | | TD000982- | | ✓ | |
| 73 | | Ecklund's Second Supplemental Responses | | TD001451- 001477 | Rel | | |
| 74 | | Ecklund's Second Supplemental Responses | | TD001478- 001487 | Rel | | |
| 75 | Ecklund, K Ex 22; | Blank forms given to Ecklund drivers - TRANSFLO Express Tripsheet, Overage- | | TD001533- 001536 | Rel | | |
| 76 | Ecklund, K Ex | Fall 2016 Cat Scale | | TD001537- | Rel | | |
| 77 | Ecklund, K Ex | Pilot Flying Location | | TD001549- | Rel | | |

Plaintiffs' First Amended Exhibit List

| 78 | Ecklund, K Ex | 2012 Emergency | | TD001614- | Rel | | |
|----|----|----|----|----|----|----|----|
| 79 | Ecklund, L Ex | Ecklund 2006 repair | 64-87 | TD002254- | Rel | | |
| 80 | Ecklund, L Ex | Ecklund 2007 repair | 88-118 | TD002278- | Rel | | |
| 81 | Ecklund, L Ex | Ecklund 2008 repair | 119-165 | TD002309- | Rel | | |
| 82 | Ecklund, L Ex | Ecklund 2009 repair | 166-207 | TD002356- | Rel | | |
| 83 | Ecklund, L Ex | Ecklund 2012 repair | 208-250 | TD002398- | Rel | | |
| 84 | Galloway Ex | News Article only (no | REMOVE | TD000294- | | ` | |
| 85 | | Training Video - 115 | | | Rel | | |
| 86 | | Training Video - At the | | | Rel | | |
| 87 | | Training Video - | | | Rel | | |
| 88 | | Training Video - Pre- | | | Rel | | |
| 89 | | Training Video - | | | Rel | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | Galloway Ex | Paystub from Nurturing | 1 | | Rel | | |
| | Wroblewski | 49 CFR §395.8 | 65-72 | | Rel, | | |
| | Wroblewski Ex 4; | Fax from Briesemeister to Wroblewski dated | 83-91; York | | | | |
| | Wroblewski | NSP CMV Post Crash | 92-100 | | H, F, | | |
| | Wroblewski | Docs taken by NSP | 101-113 | | H, F, | | |
| | Wroblewski | Messages from NSP | 114-119 | | H, F, | | |
| | Wroblewski Ex 8; | Wroblewski's Certificate of Training (Post CMV | 120 | | | | |
| | Coleman, M | Mark Coleman | 4-Jan | | | | |
| | Coleman, M Ex 7; | 3/14/13 email fr M Coleman to | 121-123 | | H, F, Rel, | | |

Basra et al. v. Ecklund Logistics, Inc.

8:16-cv-00083-LSC-FG3

| | | | Plaintiffs' First Amended Exhibit List | | | | |
|---|---|---|---|---|---|---|---|
| Coleman, M Ex 8; | 3/14/13 email fr M Coleman to | 124 | | | H, F, Rel, | | |
| Ecklund, L Ex 1; | Plaintiff's Notice of Deposition of Defendant Ecklund Logistic, Inc.'s Person Most | 1-4 | | | Rel, H, F | | |
| Ecklund, L Ex | Complaint for Damages | 5-12 | | | Rel, | | |
| Ecklund, L Ex 3; | Summons and First Amended Complaint for WD; Strict Product | 13-24 | | | Rel, H, F | | |
| Ecklund, L Ex | Answer to Complaint | 25-28 | | | Rel, | | |
| Ecklund, L Ex 5; | Responses to Plaintiffs' First Request for | 29-50 | | | Rel | | |

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| INDERJEET BASRA, individually and as Personal Representative for the ESTATE OF ATINDERPAL SINGH; DILSHAAN S. REHAL, by and through his next friend, INDERJEET BASRA, | ) CIVIL ACTION<br>)<br>) Case No.: 8:16-cv-00083-LSC-FG3<br>)<br>) **DEFENDANT'S EXHIBIT LIST**<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **TRIAL DATE: MAY 16, 2017**<br>) |
| ECKLUND LOGISTICS, INC. | )<br>) |
| Defendant. | )<br>)<br>) |

| DEF NO. | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|
| 300 | Deposition of Kirk Ecklund | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 301 | Video deposition of Kirk Ecklund | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 302 | Deposition of Lana Ecklund | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |

| 303 | Video deposition of Lana Ecklund | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
|---|---|---|---|---|---|---|
| 304 | Deposition of Dean Briesemeister | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 305 | Video deposition of Dean Briesemeister | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 306 | Deposition of Freddie Galloway | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 307 | Video deposition of Freddie Galloway | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 308 | Deposition of Rob Paffenroth | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |

| 309 | Video deposition of Rob Paffenroth | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
|-----|-----|-----|-----|-----|-----|-----|
| 310 | Deposition of Bruce Winn | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 311 | Video deposition of Bruce Winn | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 312 | Deposition of Dale Bennett | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 313 | Video deposition of Dale Bennett | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 314 | Deposition of Mark Coleman | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |

| 315 | Video deposition of Mark Coleman | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
|---|---|---|---|---|---|---|
| 316 | Deposition of Cathy Coleman | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 317 | Video deposition of Cathy Coleman | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 318 | Deposition of John Kulogo | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 319 | Video deposition of John Kulogo | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 320 | Deposition of Bryan Wroblewski | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |

| 321 | Video deposition of Bryan Wroblewski | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
|-----|-----|-----|-----|-----|-----|-----|
| 322 | Deposition of Dale Radcliff | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 323 | Video deposition of Dale Radcliff | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 324 | Deposition of Ted Sokol | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |
| 325 | Video deposition of Ted Sokol | | Plaintiffs object to the use of deposition transcripts and videos until the court requires the parties to meet and confer on deposition offers and ultimately rules on any objections asserted during that process | | | |

| 326 | Report of Ted Sokol | | Plaintiffs object on the grounds that Defendant did not produce a report by Ted Sokol or a CV of Ted Sokol. Assuming these exhibits refer to the report, file, and CV of Steve Sokol, Plaintiffs reserve all objections until after Plaintiffs have the opportunity to depose Steve Sokol and examine him regarding these exhibits. | | | |
|-----|---------------------|--|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|--|--|--|
| 327 | Ted Sokol's file on the incident | | Plaintiffs object on the grounds that Defendant did not produce a report by Ted Sokol or a CV of Ted Sokol. Assuming these exhibits refer to the report, file, and CV of Steve Sokol, Plaintiffs reserve all objections until after Plaintiffs have the opportunity to depose Steve Sokol and examine him regarding these exhibits. | | | |
| 328 | Ted Sokol's curriculum vitae | | Plaintiffs object on the grounds that Defendant did not produce a report by Ted Sokol or a CV of Ted Sokol. Assuming these exhibits refer to the report, file, and CV of Steve Sokol, Plaintiffs reserve all objections until after Plaintiffs have the opportunity to depose Steve Sokol and examine him regarding these exhibits. | | | |
| 329 | The entire file of the Nebraska State Patrol relating to this accident on August 8, 2015 and received a copy of the entire file of the Nebraska State Patrol including, but not limited to: | | See Plaintiffs' Motion in Limine No. 1 | | | |
| 330 | Fax from Dean Briesemeister to Nebraska State Patrol with Verification of Employment dates of Freddie Galloway (Nebraska State Patrol. File, page TD000096) | | | ✓ | | |
| 331 | Ecklund's most recent repairs and work orders on their truck in question (Nebraska State Patrol, pages TD000097-98, | | | ✓ | | |

6

| | | | | | |
|---|---|---|---|---|---|
| | TD000114, TD000116) | | | | |
| 332 | Freddie Galloway's current DOT Medical Examiner's Certificate Nebraska State Patrol File, page TD000099) | | ✓ | | |
| 333 | Copies of the most recent inspection of the trailer and tractor from before the accident (Nebraska State Patrol, page TD000115) | | ✓ | | |
| 334 | Copies of the detailed Motor Vehicle Accident Report and investigation (Nebraska State Patrol, pages TD000117-124) | See Plaintiffs Motion in Limine No. 1 | | | |
| 335 | Copies of the detailed post-accident vehicle inspection of the Ecklund vehicle performed by the Nebraska State Patrol (Nebraska State Patrol, pages TD000125-127) | | ✓ | | |
| 336 | Copies of dozens of photographs of the vehicles, area and accident scene on disk (pages TD000129-158, pictures omitted) | Plaintiffs reserve objections pending identification by Defendant of which photos are "omitted" as referred to in Defendant's Exhibit List | | | |
| 337 | York County Sheriff's Office entire 129 page file on the accident in question | See Plaintiffs Motion in Limine No. 1 | | | |
| 338 | The Investigator's Motor Vehicle Accident Report from the York County Sheriff's Office | See Plaintiffs Motion in Limine No. 1 | | | |
| 339 | York County Sheriff's Office's post-accident measurements for an accident reconstruction (York County Sheriff's Office file, page 000008) | Objection to the use of this page as it is a black and white copy; Plaintiffs have no objection to the use of the color version of this document identified on Plaintiffs' Exhibit List as the last page of Plaintiffs' Exhibit 8 | | | |
| 340 | York County Sheriff's Office's narrative reports (York County Sheriff's Office's file, pages 000009, 000013-16) | See Plaintiffs Motion in Limine No. 1 | | | |

| 341 | York County Sheriff's Office's accident reconstruction measurements and notes with corresponding photographs (York County Sheriff's Office's file, page 00002027) | | | ✓ | | |
|-----|---|---|---|---|---|---|
| 342 | York County Sheriff's Office's on-scene photographs (York County Sheriff's Office's file, pages 000062-128, pictures omitted) | | Plaintiffs reserve objections pending identification by Defendant of which photos are "omitted" as referred to in Defendant's Exhibit List | | | |
| 343 | On the scene audio recordings from the Nebraska State Patrol or York County Sheriff's office of interviews of Freddie Galloway and witness Mark Coleman | | Objection the use of audio recordings of Mark Coleman as Plaintiffs are unaware that such audio existed or was produced in this case. | | | |
| 344 | GPS data of the Ecklund vehicle taken by Defendant's accident reconstruction expert, Ted Sokol, along with his entire file | | | ✓ | | |
| 345 | Photographs obtained by Plaintiff's counsel from the York New Times newspaper | | | ✓ | | |
| 346 | File of the York Fire Department | | | ✓ | | |
| 347 | Wisconsin Certificate of Title for the truck in question | | | ✓ | | |
| 348 | Maintenance documents for the truck in question (number 715) for 2006 | | | ✓ | | |
| 349 | Maintenance documents for the truck in question (number 715) 2007 | | | ✓ | | |
| 350 | Maintenance documents for the truck in question (number 715) 2009 | | | ✓ | | |
| 351 | Maintenance documents for the truck in question (number 715) 2012 | | | ✓ | | |
| 352 | Subpoenaed phone records of Plaintiffs' decedent | | Plaintiffs reserve objection until such documents are obtained and/or produced | | | |
| 353 | Defendant reserves the right to offer any exhibits listed by Plaintiffs | | | | | |

8