# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **INDERJEET BASRA, individually and as Personal Representative for the ESTATE OF ATINDERPAL SINGH; DILSHAAN S. REHAL, by and through his next friend, INDERJEET BASRA,** | ) ) ) ) ) ) ) | **8:16CV83** |
| **Plaintiffs,** | ) ) | **ORDER** |
| v. | ) ) | |
| **ECKLUND LOGISTICS, INC.,** | ) ) | |
| **Defendant.** | ) | |

This matter is before the court on Plaintiffs' Motion to Compel Issuance of Subpoena for Production of Documents to Affinity Health System (Filing No. 102). Defendant did not file a response to the motion by the April 21, 2017, deadline, and thus the Court considers the motion ripe for review.[1]

Plaintiffs provided notice to Defendant of Plaintiffs' intent to issue a subpoena to a non-party, Affinity Health System ("Affinity") on March 30, 2017, pursuant to NECivR 45.1(a). (Filing No. 104-5 at p. 4). Defendants objected to the issuance of the subpoena by emails to Plaintiffs' counsel dated April 3 and 7, 2017. (Filing No. 104-5 at pp. 2-4). However, Defendant did not issue a certificate of service with the court in compliance with NECivR 45.1(b).

Plaintiffs seek to issue a subpoena to produce documents to Affinity, the company Defendant used to drug test its employees. Plaintiffs assert that Defendant's current Safety Director, Rob Paffenroth, was deposed on March 28, 2017, and testified that

---

[1] "Failure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts." NECivR 7.1(b)(1)(C).

1

Defendant used Affinity as a third party to drug test its drivers. Paffenroth testified that he was unsure whether Freddie Galloway was drug tested after the accident or not. ([Filing No. 104-3 at p. 40](#)). Defendant's counsel appears to imply that Defendant did not drug test Galloway after the accident. ([Filing No. 104-5](#)).

Plaintiffs' Notice of issuance of subpoena did come long after the written discovery deadline, which was January 15, 2017. ([Filing No. 38](#)). However, Plaintiffs first sought drug testing results for Galloway on May 24, 2016, via requests for production directed to Defendant. During depositions, various representatives of Defendant testified that at one time it would have had a file containing Galloway's drug testing results, but the file was no longer in Defendant's possession or was destroyed. Paffenroth's testimony indicated that Affinity may have record of Galloway's drug testing (if such testing occurred after the accident). Under the circumstances, the Court will permit Plaintiffs to issue the subpoena to Affinity. Accordingly,

**IT IS ORDERED:** Plaintiffs' Motion to Compel Issuance of Subpoena for Production of Documents to Affinity Health System ([Filing No. 102](#)) is granted.

**DATED:** April 25, 2017.

                                    **BY THE COURT:**

                                    s/ **F.A. Gossett, III**
                                    **United States Magistrate Judge**