IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INDERJEET BASRA, individually and as Personal Representative for the ESTATE OF ATINDERPAL SINGH; and DILSHAAN S. REHAL, by and through his next friend, INDERJEET BASRA,<br><br>Plaintiffs,<br><br>v.<br><br>ECKLUND LOGISTICS, INC.,<br><br>Defendant. | CASE NO. 8:16CV83<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion in Limine, ECF No. 96, submitted by Defendant Ecklund Logistics, Inc. ("Ecklund"), and the Plaintiffs' Motion in Limine #1 through #5, ECF No. 100-1 through 100-5, submitted by Plaintiffs Inderjeet Basra, individually and as Personal Representative for the Estate of Atinderpal Singh, and Dilshaan S. Rehal, by and through his next friend, Inderjeet Basra ("Plaintiffs").

The parties agree that no argument or evidence should be admitted with respect to settlement negotiations between the parties; the existence or lack of insurance coverage for Ecklund; any offer or promise made by or on behalf of Ecklund to pay medical, hospital, property damage, or other expenses; any pre-death pain or suffering on the part of the decedent Atinderpal Singh ("Decedent"); any news media reports from the New York Times; and any settlement agreements between Plaintiffs and the Decedent's employer.

Ecklund also seeks to preclude the Plaintiffs from presenting argument or evidence in six other subject matter areas: (1) punitive damages and Ecklund's financial condition;

1

(2) opinions proffered by Plaintiff's expert Lew Grill ("Grill"); (3) whether Ecklund's driver, Freddie Galloway ("Galloway"), was in violation of hours-of-service requirements, kept duplicate driver's logs, was tired, was distracted, or had any prior driver's log violations, speeding violations, or accidents; (4) Ecklund's management practices, including training, discipline, safety, audits, and statistics; (5) claims that Ecklund destroyed evidence or acted in bad faith in record-keeping or discovery; and (6) Ecklund's course of conduct subsequent to the accident, including changes in its digital record-keeping, employee handbook, or disciplinary policies.

Plaintiffs also seek to preclude Ecklund from presenting argument or evidence in three other subject matter areas: (1) York County accident reports and related officer comments; (2) reference to the Decedent's fatigue, inattention, or driver error; and (3) reference to the Decedent's immigration status, immigration history, ethnicity, national origin, or foreign travel.

## DISCUSSION

**I. Ecklund's Motion in Limine**

### *A. Punitive Damages and Ecklund's Financial Condition*

Plaintiffs note that Ecklund has moved for summary judgment regarding Plaintiffs' claims for punitive damages, and therefore Ecklund's motion in limine as it relates to punitive damages and its financial condition may be addressed through the Court's ruling on the motion for summary judgment. The Court agrees.

### *B. Testimony of Plaintiff's Proposed Expert, Lew Grill*

Ecklund seeks to preclude Grill from testifying to three opinions in his initial expert

2

report, asserting that the opinions lack relevance and are inadmissible under Federal Rule of Evidence 702. Ecklund also seeks to preclude Grill from testifying to the opinions presented in his supplemental report, based on the report's untimeliness.

The central difficulty in determining the relevance of Grill's testimony, and its admissibility under Rule 702, is the amorphous nature of the Plaintiffs' claims against Ecklund. In the Plaintiffs' Complaint, ECF No. 1, they alleged that Galloway engaged in specific negligent acts or omissions that were the proximate cause of a collision between the tractor driven by the Decedent and the trailer pulled by the tractor driven by Galloway. Complaint ¶¶ 9, 13, ECF No. 1. From the facts alleged in the Complaint, a reasonable juror could infer that an act or omission on the part of Galloway was the proximate cause of the Decedent's death:

> As Galloway passed Decedent's vehicle at a high rate of speed, Galloway engaged in an unsafe and dangerous lane change from the Number 1 lane into the Number 2 lane immediately ahead of Decedent's vehicle and began to rapidly slow his vehicle. As a result of Galloway's actions, Decedent was unable to avoid Galloway's vehicle and violently crashed into the rear of Galloway's vehicle.

Complaint ¶ 9, ECF No. 1.

Following discovery, however, Plaintiffs' theory of the case regarding Galloway's acts or omissions appears to have changed. In the Order on Pretrial Conference, ECF No. 105, Plaintiffs simply assert that Galloway had a duty of care to the Decedent; Galloway breached that duty of care; and his breach was the proximate cause of the Decedent's death. ECF No. 105, Page ID #2102.

Ecklund seeks to preclude Grill from offering his opinion that (1) Galloway was in violation of his hours-of-service requirements, (2) Galloway had a responsibility to monitor

3

traffic behind him and to maneuver in traffic to avoid being struck from the rear, and (3) the Decedent was prevented from assessing what was happening in front of him.

Galloway's alleged violation of hours-of-service requirements conceivably could have relevance, depending on what evidence is presented regarding an act or omission by Galloway, proximately causing the collision. At this juncture, however, the relevance of any such evidence is not apparent. An hours-of-service violation is not itself an act or omission that could be the proximate cause of a collision. Until the relevance of such testimony becomes apparent, therefore, Grill's opinion that Galloway was in violation of hour-of-service requirements is irrelevant and unfairly prejudicial.

Grill's opinion that Galloway had a responsibility to monitor traffic behind him, Grill's related opinions as to whether Galloway should have made an effort to pass the car in front of him; and Grill's opinion that the Decedent was prevented from assessing what was happening in front of him; all fail to satisfy the four prongs of Rule 702.

With regard to the opinions offered in Grill's supplemental report, the Plaintiffs acknowledge that Grill's initial report was due no later than January 23, 2017. Plaintiffs assert that Grill's second report, dated March 10, 2017, was submitted pursuant to Fed. R. Civ. P. 26(e), which requires parties to supplement or correct disclosures when it is learned that the disclosure is incomplete or incorrect. The opinions presented in Grill's initial report relate to the actions of Galloway in connection with the accident. The opinions presented in the supplemental report concern Ecklund's management systems and its alleged failure to prevent drivers from violating limitations on work hours. The supplemental report does not correct an incorrect opinion, nor supplement an incomplete opinion, it presents new opinions on new subject matter. Accordingly, it is not a

supplemental disclosure under Rule 26(e) and it is untimely.

### C. Galloway's Service Hours, Duplicate Logs, and Use of Blue Tooth Device

Ecklund acknowledges that at the time of the accident Galloway was working beyond his service hours limitations; he was in possession of duplicate logs; and he was talking on a hands-free blue tooth device. As discussed above, such facts may have relevance, depending upon what act or omission on the part of Galloway is alleged to be the proximate cause of the accident. Evidence that a driver was fatigued or distracted does not itself constitute an act or omission proximately causing an accident. Until the relevance of such facts is apparent, any reference to them is unfairly prejudicial and will be precluded, in limine.

### D. Ecklund's Management Practices

Ecklund's management practices, including driver training, employee discipline, and safety records, also may have relevance, depending upon what act or omission on the part of Galloway is alleged to be the proximate cause of the accident. Ecklund's management practices, no matter how deficient, do not themselves constitute an act or omission proximately causing an accident. Until the relevance of such facts is apparent, any reference to them is unfairly prejudicial and will be precluded, in limine.

### E. Spoliation

Ecklund seeks to preclude the Plaintiffs from presenting evidence or argument suggesting that Ecklund destroyed evidence or acted in bad faith in its record-keeping or discovery practices. Plaintiffs contend that Ecklund's motion is vague, and that Plaintiffs may seek to revisit an earlier request for an adverse-inference instruction based on Ecklund's alleged spoliation of evidence. If the Plaintiffs seek to revisit the Court's earlier

denial of the adverse-inference instruction, the Court will address that matter at the appropriate time. Until further order of the Court, however, the Plaintiffs are precluded from making any argument or presenting any evidence suggesting that Ecklund destroyed evidence or otherwise acted in bad faith in its record-keeping or discovery practices.

### F.  Post-Accident Measures Taken by Ecklund

Plaintiffs assert that, after the accident, Ecklund changed its system for tracking the distance traveled and hours worked by its drivers, as well as the contents of its handbook, and pay incentives for its drivers with good safety records. Ecklund seeks to preclude Plaintiffs from presenting evidence or argument regarding such post-accident measures, arguing that such facts lack relevance.

As discussed above, Ecklund's pre-accident management practices do not themselves constitute an act or omission proximately causing an accident, and until the relevance of such facts is apparent, any reference to them is unfairly prejudicial and will be precluded, in limine. Similarly, Ecklund's post-accident management practices lack relevance and, until the relevance of such facts is apparent *and* the Court addresses any objections under Federal Rule of Evidence 407, reference to changes in such management practices will be precluded, in limine.

## II.  Plaintiffs' Motion in Limine

### A.  Accident Reports

Plaintiffs seek to preclude Ecklund from offering hearsay statements, and opinions as to causation or fault, contained in accident reports prepared by York County officials. Although Plaintiffs acknowledge that objectionable material could be redacted, they ask

6

that the Court rule, in limine, to bar the accident investigation reports as unduly prejudicial, and as cumulative of information that will be presented through the officers' testimony. The Court concludes that the Plaintiffs' concerns can be addressed at trial through objections, and the Court will deny the Plaintiffs' motion in limine with respect to the accident reports.

### B. Decedent's Fatigue, Inattention, or Driver Error

Plaintiffs seek to preclude Ecklund from making any reference to the Decedent's alleged inattention or driver error. Whether the Decedent followed Galloway's vehicle more closely than was reasonable and prudent is relevant (see, *e.g.*, Neb. Rev. Stat. § 60-6,140), and the Court will not preclude the introduction of evidence or argument on that topic. Ecklund acknowledges it does not know the reason or reasons underlying the Decedent's alleged inattention or driver error, and any testimony proffering reasons for such may be speculative and subject to objection at trial.

### C. Decedent's Immigration Status, Ethnicity, and Travel

Plaintiffs seek to preclude Ecklund from making reference to Decedent's immigration status, immigration history, ethnicity, national origin, religion, or foreign travel. Ecklund responds that it has no intention of making any such references, although reference to matters such as the Decedent's travel might arise incidentally in connection with testimony regarding damages. The Court will grant the Plaintiffs' motion in this respect, and will address exceptions, as needed, at trial.

Accordingly,

IT IS ORDERED:

1. Defendant Ecklund Logistics, Inc.'s Motion in Limine, ECF No. 96, is granted in part, as follows:

Plaintiffs will be precluded, in limine, from presenting argument or evidence related to (a) settlement negotiations between the parties; (b) the existence or lack of insurance coverage for Ecklund; (c) any offer or promise made by or on behalf of Ecklund to pay medical, hospital, property damage, or other expenses; (d) any pre-death pain or suffering on the part of Atinderpal Singh ("Decedent"); (e) opinions of Plaintiffs' expert witness Lew Grill that Freddie Galloway was in violation of his hours-of-service requirements, that Galloway had a responsibility to monitor traffic behind him and to maneuver in traffic to avoid being struck from the rear, and that the Decedent was prevented from assessing what was happening in front of him; (f) any opinions in Grill's supplemental report of March 10, 2017; (g) Galloway's violation of service hours limitations, possession of duplicate logs, or use of a hands-free blue tooth device; (h) Ecklund's pre-accident management practices; (i) Ecklund's alleged spoliation of evidence or bad faith in record-keeping and discovery practices; and (j) Ecklund's post-accident management practices;

And the Motion is otherwise denied;

2. Plaintiffs' Motion in Limine #1 to #5, ECF No. 100-1 through 100-5, is granted in part, as follows:

Defendant Ecklund Logistics, Inc., will be precluded, in limine, from presenting argument or evidence related to (a) any news media reports from the New York Times; (b) any settlement agreements between Plaintiffs and the Decedent's employer; and (c) Decedent's immigration status, immigration history, ethnicity, national origin,

religion, or foreign travel.;

And the Motion is otherwise denied.

DATED this 8th day of May, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge