IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INDERJEET BASRA, individually and as Personal Representative for the estate of Atinderpal Singh; and DILSHAAN S. REHAL, by and through his next friend Inderjeet Basra;<br><br>　　　　　　Plaintiffs,<br><br>　　　vs.<br><br>ECKLUND LOGISTICS, INC.,<br><br>　　　　　　Defendant. | 8:16CV83<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion to Reconsider, ECF No. 124, filed by Plaintiffs Inderjeet Basra and Dilshaan Rehal (collectively, "Plaintiffs"), pursuant to Fed. R. Civ. P. 54(b). Plaintiffs ask the Court to reconsider the rulings in its Memorandum and Order (the "SJ Order"), ECF No. 123, granting partial summary judgment to Defendant Ecklund Logistics, Inc. ("Ecklund"). For the reasons stated below, Plaintiffs' Motion will be denied.

## BACKGROUND

The Court entered the SJ Order on May 26, 2017. Plaintiffs now ask the Court to revise its factual recitation, and consider newly discovered evidence.

Ecklund is an incorporated freight carrier that employs truck drivers to transport its freight. Freddie Galloway ("Galloway") was employed as an Ecklund truck driver. On August 8, 2012, at approximately 4:30 p.m., his tractor-trailer was rear-ended by another tractor-trailer driven by Atinderpal Singh ("Singh") on Interstate 80 ("I-80") near

mile-marker 348 outside York, Nebraska. Singh, husband to Inderjeet Basra and father to Dilshaan Rehal, died on impact.

Before the rear-end collision, Galloway was travelling eastbound on I-80 when he received notice over his CB radio that a brush fire was burning in the median east of his position, and that emergency services personnel were working to extinguish it. Galloway estimated he was four to five miles from the median fire when he was warned. As he approached the fire, Galloway slowed his tractor-trailer to about five miles an hour and turned on his four-way flashers to alert traffic behind him of his slowed speed. Galloway and Dale Bennet ("Bennett"), the driver immediately ahead of Galloway, state that Singh's vehicle hit the rear of Galloway's trailer at a high rate of speed approximately two to four minutes after Galloway slowed his tractor-trailer. Investigators concluded that the physical condition of Galloway's tractor-trailer was not a contributing factor to the collision, and Galloway was not cited by local authorities for any traffic violations.

Plaintiffs brought this action claiming (1) Galloway operated his tractor-trailer negligently, and Ecklund is vicariously liable for such negligence, (2) Ecklund negligently hired, trained, supervised, and managed Galloway, and (3) Plaintiffs are entitled to punitive damages. Ecklund moved for summary judgment and the Court granted the motion with respect to Plaintiffs' claim that Ecklund was negligent in hiring, training, supervising, and managing Galloway, and with respect to their claim for punitive damages. Thus, the issue of Galloway's negligence in operating his tractor-trailer and Ecklund's vicarious liability remain for trial.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) states, in relevant part:

> Any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Although district courts have general discretionary authority to review and revise their interlocutory rulings prior to the entry of final judgment pursuant to Rule 54(b), *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 857 (8th Cir. 2008) (citing Fed. R. Civ. P. 54(b)), motions to reconsider are generally disfavored. *See reFX Audio Software Inc. v. Does 1-97*, No. 4:13-CV-00409, 2013 WL 3766571, *1 (E.D. Mo. July 16, 2013); *see also Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1119 (8th Cir. 2011) ("This court disfavors Rule 54(b) appeals").

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). Further, "[a] motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015).

## DISCUSSION

Plaintiffs suggest the Court misinterpreted facts regarding Singh's lane position leading up to the rear-end collision and the lane in which the collision occurred. They also argue that the Court should have found that the facts, viewed in a light most favorable to Plaintiffs, demonstrate Galloway made a lane change before the collision.

First, Bennett perceived that Singh and Galloway were in the left passing lane and that the collision occurred in that lane while Bennett was in the right driving lane, ahead of their vehicles. Bennet Depo., ECF No. 120-1, Page ID 3517 ("It's just like I said in the first place, that they [Singh and Galloway] were both in the left lane. I was in the right lane"); *Id.* at 3506 (Bennet testifying that he saw the rear-end collision occur in the left passing lane). Galloway, however, testified that the collision occurred in the right driving lane, Galloway Depo., ECF No. 120-2, Page ID 3575, and expert opinions support Galloway's account, *see e.g.* Irwin Depo., ECF No. 120-8, Page ID 3768; Sokol Depo., ECF No. 120-4, Page ID 3663. Accordingly, the summary judgment record has conflicting evidence regarding the lanes Singh and Galloway occupied before the collision and the lane in which the collision ultimately occurred. *See* Sokol Depo., ECF No. 120-4, Page ID 3663 (explaining Galloway and Bennett's differing recollections of the collision).

Second, Plaintiffs have not cited to any evidence in the summary judgment record that suggests Galloway made a lane change in the moments before the collision. Plaintiffs argue that because Bennett testified he saw Galloway in the left lane and because Steve Sokol and Steve Irwin opined that the collision occurred in the right lane, the evidence, viewed favorably to Plaintiffs, necessarily establishes a lane change from left to right. *See* Pl.'s Br. Mot. for Reconsideration, ECF No. 125, Page ID 4333 (citing Pl.'s Br. Mot. Summ. J., ECF No. 119, Page ID 3437-38, ¶¶ 48 & 52). This is an inference the Court does not make. Bennett's complete testimony is that Galloway and Singh were in the left passing lane before the rear-end collision and continuously until impact. Steve Sokol and Steve Irwin share the opinion that the collision occurred in the

right lane, and neither opine that a lane change occurred. *See* Irwin Depo., ECF No. 120-8, Page ID 3768 (testifying "[t]here's no [physical] evidence that addresses [whether Galloway made a left to right lane change] one way or the other"); *see also* Sokol Depo., ECF No. 120-4, Page ID 3698 (testifying "[t]here's no physical evidence to indicate that he made an abrupt lane change from the left to the right in the moments prior to impact"). Thus, Bennett's complete testimony, Steve Sokol's testimony, and Steve Irwin's testimony provide two conflicting versions of the collision, neither of which includes a lane change.

The Court finds no manifest factual error in its SJ Order. Regardless, the Plaintiffs' disagreements with the Court's factual summary concern Galloway's and Singh's conduct leading up to the collision, and the Court did not grant summary judgment on the issue of Galloway's alleged negligence. Therefore, the facts with respect to their conduct remain issues for the jury at trial.

Finally, Plaintiffs argue their claim that Ecklund was directly negligent and their claim for punitive damages should be revived in light of: (1) newly discovered evidence of Galloway's prior positive drug tests and (2) the evidence[1] precluded by the Court in its Memorandum and Order on the Parties' motions in limine, ECF No. 118. As the Court has explained, evidence that Galloway exceeded his service hours limitations, possessed duplicate logs, or was using a hands-free blue tooth device is irrelevant and unfairly prejudicial. Any evidence of Galloway's drug test results, which predate the rear-end collision by over a year, is similarly irrelevant and unfairly prejudicial. The

---

[1] The evidence Plaintiffs argue revives their claim that Ecklund negligently hired, trained, and managed Galloway is evidence that: (1) Galloway was using a hands-free blue tooth device, (2) Galloway was over his hours-of-service requirement, (3) and Galloway was in possession of duplicate logs.

Court will not revise the SJ Order based on such evidence. If Plaintiffs can demonstrate the relevance of such evidence at trial, the Court will consider its admissibility.

In response to Plaintiffs' Motion, Ecklund contends that Singh's violation of the range-of-vision rule establishes his comparative negligence exceeding fifty percent and that Plaintiffs are, therefore, not entitled to damages as a matter of law. Although Ecklund asserted the range-of-vision rule in its argument for summary judgment, comparative negligence was not mentioned or argued. As such, the negligence of Singh, as compared to Galloway, was not considered by the Court and is an issue for the jury at trial. *See Julianello*, 791 F.3d at 923 ("A motion for reconsideration is not a vehicle to identify . . . legal arguments that could have been, but were not, raised at the time the relevant motion was pending.").

A review of the SJ Order does not reveal a manifest error of law or fact and Plaintiffs' newly discovered evidence does not require a revision of the SJ Order.

Accordingly,

IT IS ORDERD:

1. Plaintiffs' Motion to Reconsider, ECF No. 125, is denied; and
2. Plaintiffs' Motion for a hearing and oral argument, ECF No. 130, is denied.

Dated this 6th day of July, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge