# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **INDERJEET BASRA, individually and as Personal Representative for the estate of Atinderpal Singh; and DILSHAAN S. REHAL, by and through his next friend Inderjeet Basra;**<br><br>Plaintiffs,<br><br>vs.<br><br>**ECKLUND LOGISTICS, INC.,**<br><br>Defendant. | 8:16CV83<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Renewed Motion for Judgment as a Matter of Law or, in the alternative, Motion for New Trial, ECF No. 193, filed by Defendant Ecklund Logistics, Inc. (Ecklund). Also before the Court is Ecklund's Motion to Extend Time to Post Supersedeas Bond, ECF No. 214. For the reasons stated below, the Motions will be denied.

## BACKGROUND

Plaintiffs Inderjeet Basra and Dilshaan Rehal brought a negligence action against Ecklund for the death of their husband and father, Atinderpal Singh. Plaintiffs claimed Ecklund was vicariously liable for the negligence of its employed truck driver, Freddie Galloway, as well as for its own negligent failure to train, supervise, monitor, and manage Galloway. They also claimed punitive damages. Ecklund was granted summary judgment on Plaintiffs' negligent training, supervision, monitoring, and management claim and on the issue of punitive damages. Memorandum and Order, ECF No. 123. Accordingly, Plaintiffs' remaining negligence and vicarious liability claim

was tried to a jury and Ecklund asserted the affirmative defense of comparative negligence.

The evidence showed that Singh's tractor rear-ended the left side of Galloway's trailer in the right-hand eastbound lane of Interstate 80 near York, Nebraska, at about 4:30 p.m. on August 8, 2012. Galloway had slowed his tractor-trailer to about five miles an hour after he received notice over his radio that there was a fire a few miles ahead in the median between the eastbound and westbound lanes. The police officers at the scene of the fire testified that traffic was moving at interstate speeds and vehicles were using both eastbound lanes. Dale Bennett was driving the tractor-trailer immediately in front of Galloway and he testified that his speed was about forty to forty-five miles an hour, though Plaintiffs' and Ecklund's experts both opined that Bennett was likely travelling less than forty miles an hour. Neither Galloway nor Bennett recall seeing any emergency personnel in the median before the collision.

Bennett and Galloway both testified that they illuminated the four-way flashers on their trailers to warn following traffic of their reduced speeds, but Plaintiffs presented post-accident video evidence that contradicted Galloway's testimony. Evidence was then admitted, over Ecklund's objection, demonstrating that Galloway was in violation of federal regulations restricting the number of hours a truck driver may drive in a given time period; he was in possession of a duplicate logbook; and he was talking on a hands-free cellular Bluetooth device at the time of the collision. After Singh's tractor impacted Galloway's trailer, it continued down the eastbound lanes and collided with Bennett's trailer.

On August 28, 2017, the jury returned a verdict in favor of Plaintiffs and against Ecklund and awarded $2,250,000 in damages. The jury found the amount of negligence attributable to Ecklund's truck driver, Galloway, was 55% and the amount of negligence attributable to Plaintiffs' decedent, Singh, was 45%. Thus, Plaintiffs' damages were reduced by 45% and judgment was entered in favor of Plaintiffs in the amount of $1,237,500. Judgment, ECF No. 189.

Ecklund asks the Court to grant its renewed motion for judgment as a matter of law for the reasons asserted at trial. Alternatively, Ecklund asks the Court to grant its motion for a new trial.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 50(b) provides that "[n]o later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). "In ruling on the renewed motion, the court may:

(1) allow judgment on the verdict, if the jury returned a verdict;

(2) order a new trial; or

(3) direct the entry of judgment as a matter of law."

*Id.* "If the court grants a renewed motion for judgment as a matter of law, it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed." Fed. R. Civ. P. 50(c)(1).

"Rule 50(b) provides for post-trial renewal of a Rule 50(a) trial motion for judgment as a matter of law," and "[a] court reviewing a Rule 50(b) motion is limited to consideration of only those grounds advanced in the original, Rule 50(a) motion."

*Nassar v. Jackson*, 779 F.3d 547, 551 (8th Cir. 2015) (citing *Graham Constr. Servs. v. Hammer & Steel Inc.*, 755 F.3d 611, 617-18 (8th Cir. 2014)).  "Judgment as a matter of law is warranted only when no reasonable juror, taking all reasonable inferences in the light most favorable to the opposing party, could find against the movant."  *Estate of Snyder v. Julian*, 789 F.3d 883, 887 (8th Cir. 2015) (citing *Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 986 (8th Cir. 2010); *Townsend v. Bayer Corp.*, 774 F.3d 446, 456 (8th Cir. 2014) ("A grant of [judgment as a matter of law] is proper only if the evidence viewed [favorably to the prevailing party at trial] would not permit reasonable jurors to differ as to the conclusions that could be drawn.").  "In deciding whether to grant judgment as a matter of law, [courts] may not weigh the credibility of evidence, and conflicts in the evidence must be resolved in favor of the verdict."  *S. Wine and Spirits of Nev. v. Mountain Valley Spring Co., LLC*, 646 F.3d 526, 533 (8th Cir. 2011) (citing *Schooley v. Orkin Extermination Co.*, 502 F.3d 759, 764 (8th Cir. 2007)).

"A new trial may be granted on all or some issues 'after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court.'" *Stults v. Am. Pop Corn Co.*, 815 F.3d 409, 414 (8th Cir. 2016) (quoting Fed. R. Civ. P. 59(a)(1)(A)).  "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice."  *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996); *see also Trickey v. Kaman Insus. Techs. Corp.*, 705 F.3d 788, 807 (8th Cir. 2013).  "With respect to legal errors, a 'miscarriage of justice' does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new trial must demonstrate that there was

4

prejudicial error." *Trickey*, 705 F.3d at 807 (citing *Buchholz v. Rockwell Int'l Corp.*, 120 F.3d 146, 148 (8th Cir. 1997)).

## DISCUSSION

### I. Judgment as a Matter of Law

At trial, Ecklund made its Rule 50(a) motion on the grounds that the evidence established Plaintiffs' decedent, Singh, was negligent as a matter of law and there was no evidence that Ecklund's truck driver, Galloway, was negligent. ECF No. 202, Page ID 7142-43. The motion was denied and Ecklund has renewed its motion under Rule 50(b).

First, Ecklund asks the Court to grant judgment as a matter of law in its favor pursuant to the Nebraska "range of vision" rule. In Nebraska, a "motorist is deemed negligent as a matter of law if he or she operates a motor vehicle in such a manner as to be unable to stop or turn aside without colliding with an object or obstruction in the motorist's path within his or her range of vision." *Traphagan v. Mid-Am. Traffic Mktg.*, 555 N.W.2d 778, 782 (Neb. 1996) (quoting *Nickell v. Russell*, 525 N.W.2d 203, 208 (Neb. 1995)). As the Court explained in its previous Memorandum and Order on summary judgment, the range of vision rule would establish Singh's negligence, but it does not establish Galloway's lack of negligence or the comparative negligence attributable to Singh and Galloway. Memorandum and Order, ECF No. 123, Page ID 4316. At trial, Plaintiffs conceded Singh was negligent and the jury ultimately found that Singh was negligent. Trial Transcript, ECF No. 202, Page ID 7161; Verdict Form, ECF No. 187. Thus, it is unnecessary for the Court to apply the range of vision rule, post-trial, and Ecklund is not entitled to judgment as a matter of law thereunder. *See*

5

*Traphagan*, 555 N.W.2d at 783 (explaining that a plaintiff's negligence under the range of vision rule "does not automatically equate with negligence that equals or exceeds the defendant's").

Second, Ecklund asks the Court to grant judgment as a matter of law in its favor based on the sufficiency of the evidence at trial. The jury returned a verdict in favor of Plaintiffs because it found that the comparative negligence attributable to Galloway exceeded that of Singh. Verdict Form, ECF No. 187 (finding Singh 45% negligent and Galloway 55% negligent). Ecklund argues the evidence was insufficient to establish Galloway was negligent at all.

"In order to recover in a negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages." *Phillips v. Liberty Mut. Ins. Co.*, 876 N.W.2d 361, 368 (Neb. 2016) (citing *Peterson v. Kings Gate Partners*, 861 N.W.2d 444 (Neb. 2015)). Ecklund maintains the evidence was insufficient for a reasonable juror to find that Galloway breached his duty of reasonable care, or that Galloway proximately caused the rear-end collision.

"A person acts negligently if the person does not exercise reasonable care under all the circumstances." *Hodson v. Taylor*, 860 N.W.2d 162, 175 (Neb. 2015).[1] The "[p]rimary factors to consider in ascertaining whether the person's conduct lacks reasonable care [include] the foreseeable likelihood that the person's conduct will result in harm, the foreseeable severity of any harm that may ensue, and the burden of precautions to eliminate or reduce the risk of harm." *Id.* (quoting *A.W. v. Lancaster Cty. Sch. Dist. 0001*, 784 N.W.2d 907, 918 (Neb. 2010). Furthermore,

---

[1] This is a diversity case in which Nebraska substantive law applies to Plaintiffs' negligence claim.

> [p]roximate cause is the cause that in a natural and continuous sequence unbroken by an efficient intervening cause, produces the injury, and without which the injury would not have occurred. To establish proximate cause, the plaintiff must meet three basic requirements: (1) Without the negligent action, the injury would not have occurred, commonly known as the 'but for' rule or 'cause in fact'; (2) the injury was a natural and probable result of the negligence; and (3) there was no efficient intervening cause.

*Roskop Dairy, L.L.C. v. GEA Farm Techs., Inc.*, 871 N.W.2d 776, 794 (Neb. 2015) (citations omitted).

At trial, Plaintiffs presented evidence that Galloway was travelling as slow as five miles an hour on Interstate 80, where the posted speed limit was seventy-five miles an hour. There was also evidence that Galloway may have failed to engage the four-way flashers on his trailer to alert following traffic of his significantly reduced speed. *Compare* Trial Tr., ECF No. 198, Page ID 6668 (playing video deposition testimony, Trial Exh. 94, 112:6-113:9, in which Galloway testified he turned on his four-way flashers), *with* Trial Tr., ECF No. 201, Page ID 6985 (Trooper Wroblewski testifying that a post-accident video, Trial Exh. 113, played at trial showed Galloway's left-turn signal was engaged, but not his four-way flashers).[2] Although Ecklund contends Galloway reasonably and appropriately reduced his speed in response to slowing traffic and the median fire ahead, the evidence that he was moving much more slowly than other traffic, and that he failed to engage his four-way flashers, was sufficient to support the reasonable conclusion that Galloway breached his duty of care. *See Traphagan*, 555

---

[2] In its brief, Ecklund repeatedly relies on Galloway's testimony that he engaged his four-way flashers as if that fact were undisputed and conclusively established at trial. However, evidence to the contrary was presented to the jury. Tr. Exh. 113. At trial, it is the jury's responsibility to weigh the evidence and judge its credibility; at the Rule 50(b) stage, the Court must view conflicting evidence in favor of the jury's verdict and the nonmoving party. *S. Wine and Spirits of Nev. v. Mountain Valley Spring Co., LLC*, 646 F.3d 526, 533 (8th Cir. 2011) (citing *Schooley v. Orkin Extermination Co.*, 502 F.3d 759, 764 (8th Cir. 2007)).

7

N.W.2d at 785 (finding that "a reasonably careful person would not have failed to take the necessary precautions to warn oncoming motorists" that the defendant's truck was stopped and blocking a traffic lane on the highway). A reasonable jury could infer that Galloway traveled at an unsafe speed and failed to engage his flashers due in part to fatigue caused by his violation of federal service-hour restrictions, or distraction caused by his use of a cellular Bluetooth device. Moreover, Officer Winn testified that he witnessed other vehicles traveling at interstate speeds near the median fire, Trial Exh. 99, 20:11-15; Trial Tr., ECF No. 198, Page ID 6706, and Dale Bennett, the driver of the tractor-trailer immediately in front of Galloway, testified he was travelling at forty to forty-five miles an hour, Trial Exh. 95, 46:9-11; Trial Tr., ECF No. 198, Page ID 6668. Thus, the trial evidence, viewed favorably to Plaintiffs, was sufficient to support the jury's conclusion that Galloway breached his duty of reasonable care.

Yet Ecklund asserts that Singh, not Galloway, was the but-for cause of the collision. Def.'s Br. Rule 50(b) Mot., ECF No. 194, Page ID 6551, 6557. As the Court explained in its Memorandum and Order on summary judgment, there may be more than one proximate cause of an injury. Memorandum and Order, ECF No. 123, Page ID 4316 ("an act need not be the *sole* cause of harm to qualify as a proximate cause") (quoting *Amanda C. ex rel. Richmond v. Case*, 749 N.W.2d 429, 441 (Neb. 2008). The jury concluded both Singh's and Galloway's negligence proximately caused the collision, and the Court finds that the jury's conclusion was sufficiently supported by the evidence. Based on the undisputed evidence that Galloway was travelling at five miles an hour, and the conflicting evidence regarding whether his four-way flashers were on, it was reasonable for the jury to conclude that, absent such conduct, the collision would

not have occurred.[3]  *See Roskop Dairy*, 871 N.W.2d at 794 (stating that to establish causation, the evidence must show that "[w]ithout the negligent action, the injury would not have occurred").  Accordingly, the evidence at trial sufficiently supported the reasonable conclusion that Galloway was negligent.

Finally, Ecklund argues that if Galloway was negligent, the evidence could lead a reasonable juror to only one conclusion, that Singh's negligence equaled or exceeded that of Galloway's, *i.e.*, the negligence attributable to Galloway was less than or equal to 50%.  In *Traphagan*, the Nebraska Supreme Court stated

> where reasonable minds may draw different conclusions and inferences regarding the negligence of the plaintiff and the negligence of the defendant such that the plaintiff's negligence could be found to be less than 50 percent of the total negligence of all persons against whom recovery is sought, the apportionment of fault must be submitted to the jury.  Only where the evidence and the reasonable inferences therefrom are such that a reasonable person could reach only one conclusion, that the plaintiff's negligence equaled or exceeded the defendant's does the apportionment of negligence become a question of law for the court.

555 N.W.2d at 783; *see also* Neb. Rev. Stat. § 25-21, 185.09.  Here, the evidence was not such that the only reasonable conclusion was "that [Singh's] negligence equaled or exceeded [Galloway's] negligence."  *Id.*  It is undisputed that Galloway was travelling at about five miles an hour on Interstate 80 while other vehicles were travelling at or near interstate speeds.  There was conflicting evidence on whether Galloway engaged his four-way flashers to alert traffic behind him of his slow speed, and Bennett, the driver of

---

[3] The evidence does not support Ecklund's contention that absent Galloway's conduct, Singh would have rear-ended Bennett, the tractor-trailer in front of Galloway, *i.e.*, absent Galloway's negligence Singh's death would have nevertheless resulted.  Singh attempted to turn into the left-hand lane just before he impacted the left side of Galloway's trailer.  Moreover, it is undisputed that Bennett had his four-way flashers on and he testified he was travelling at about forty-five miles an hour.  Thus, the Court cannot conclude that Singh would have similarly rear-ended Bennett's trailer absent Galloway's negligent conduct.

9

the tractor-trailer in front of Galloway, testified he was travelling at forty to forty-five miles an hour.[4] Viewing this evidence in a light most favorable to Plaintiffs and resolving all reasonable inferences in favor of the verdict, the jury had sufficient evidence to conclude Galloway was negligent and the issue of comparative negligence was properly submitted to the jury. Thus, Ecklund's renewed motion for judgment as a matter of law under Rule 50(b) will be denied.

**II. New Trial**

Ecklund's alternative motion for a new trial asks the Court to grant a new trial based on erroneous evidentiary rulings, an erroneous jury instruction, sufficiency of the evidence, and excessive and speculative damages.

*a. Evidentiary Rulings*

Ecklund asserts the Court erroneously admitted evidence that Galloway violated federal regulations restricting the number of hours a truck-driver may drive;[5] evidence that Galloway falsified his logbook to conceal the fact that he had violated such federal regulations; and evidence that Galloway was using a hands-free cellular Bluetooth device at the time of the collision. Initially, the Court had precluded the foregoing evidence in limine, because its relevance was not apparent. Memorandum and Order, ECF No. 118, Page ID 3398; Trial Transcript, ECF No. 201, Page ID 7023. At trial,

---

[4] Although the Parties' experts estimated Bennett's speed was less than forty miles an hour, the Court must not weigh the evidence or judge its credibility and it must view the trial evidence favorably to the jury's verdict and Plaintiffs. *S. Wine and Spirits of Nev. v. Mountain Valley Spring Co., LLC*, 646 F.3d 526, 533 (8th Cir. 2011) (citing *Schooley v. Orkin Extermination Co.*, 502 F.3d 759, 764 (8th Cir. 2007)); *see also* Final Jury Instructions, ECF No. 180, Page ID 6415 (instructing the jury that it "determine[s] what weight, if any, to give to an expert's testimony just as [it does] with the testimony of any other witness").

[5] No driver may "drive a property-carrying commercial motor vehicle . . . for any period after . . . [h]aving been on duty 70 hours in any period of 8 consecutive days." 49 C. F.R. § 395.3(b)(2).

10

however, Plaintiffs demonstrated the relevance of the evidence and the Court reconsidered its earlier ruling and admitted the evidence. Trial Transcript, ECF No. 201, Page ID 6992, Page ID 7023.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also United States v. Oldrock*, 867 F.3d 934, 940 (8th Cir. 2017) ("If there is 'any tendency' that evidence will make a consequential fact more or less probable, the '[e]vidence should be admitted.'") (quoting *United States v. Holmes*, 751 F.3d 846, 851 (8th Cir. 2014)). "[A]n allegedly erroneous evidentiary ruling does not warrant a new trial unless the evidence was so prejudicial that a new trial would likely produce a different result." *Burris v. Gulf Underwritters Ins. Co.*, 787 F.3d 875, 880 (8th Cir. 2015) (quoting *Diesel Mach., Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 833 (8th Cir. 2005)).

At trial, Plaintiffs introduced video evidence contradicting Galloway's testimony that he turned on his four-way flashers. Trial Exh. 113 (showing Galloway's left turn signal illuminated, but not his four-way flashers). As a consequence, the Court admitted the evidence of Galloway's service hours, false logbook, and cellular Bluetooth use because each had a tendency to make the fact of whether he engaged his four-way flashers less probable, and that fact was of significant consequence in determining whether Galloway negligently operated his tractor-trailer.[6] If Galloway was fatigued or

---

[6] Ecklund claims "[t]he Court provided the jury with a limiting instruction" that this evidence was admitted for impeachment purposes only; however, no such limiting instruction was given to the jury. Def.'s Br. Rule 50(b) Mot., ECF No. 194, Page ID 6553. At sidebar, The Court explained it would admit evidence showing Galloway violated federal service-hours regulations and had a false logbook to "attack[] the credibility of Galloway." Trial Transcript, ECF No. 201, Page ID 6992. The Court also admitted the

11

distracted, he may have neglected to engage his four-way flashers, or his recollection of the facts might be inaccurate. Thus, the foregoing evidence was relevant and the Court finds that the probative value of this evidence was not substantially outweighed by any danger of unfair prejudice. *See* Fed. R. Evid. 403. Therefore, this evidence was properly admitted at trial.

Even if the admission of such evidence was improper, the Court finds it was not prejudicial. If a new trial were granted, and the evidence at issue were not admitted, it is unlikely the jury would reach a different conclusion. The evidence that Galloway was travelling at five miles an hour and may have failed to warn following traffic by illuminating his four-way flashers would still be presented to the jury. They would also hear testimony that other vehicles did not similarly reduce their speed in response to the median fire ahead and that Bennett was in front of Galloway travelling at forty to forty-five miles an hour.

*b. Jury Instructions*

Ecklund argues Instruction No. 13[7] of the Final Jury Instructions was erroneous because there was insufficient evidence upon which to support subparagraphs one

---

evidence for purposes of arguing that, if Galloway was fatigued, "he may have neglected to put on his four-way flashers," or "[h]e may have forgotten whether or not he put on his four-way flashers." *Id.* The Court admitted evidence of Galloway's use of a cellular Bluetooth device reasoning that "there [was] a factual dispute as to whether he had on his four-way flashers," and "it is true that if he [was] distracted or tired, that [evidence] may help a jury decide whether one factual scenario is more probable than the other." *Id.* at Page ID 7023.

[7] Instruction No. 13 provides, in relevant part, that

> Plaintiffs claim [ ] Freddie Galloway was negligent in one or more of the following ways:
>
> 1. Failing to keep his vehicle at a speed which was appropriate under the circumstances then existing;
> 2. Failing to keep a proper lookout;

12

through six and subparagraph eight of Instruction No. 13. Def.'s Br. Rule 50(b) Mot., ECF No. 194, Page ID 6555.

The Court must determine "whether the instructions, taken as a whole and viewed in the light of the evidence and applicable law, fairly and accurately submitted the issues to the jury." *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 461 (8th Cir. 2016) (quoting *Slidell, Inc. v. Millennium Inorganic Chems., Inc.*, 460 F.3d 1047, 1054 (8th Cir. 2006)). "[A] party is entitled to an instruction on its theory of the case so long as it is legally correct and there is factual evidence to support it." *Boesing v. Spiess*, 540 F.3d 886, 890 (8th Cir. 2008) (quoting *Thornton v. First State Bank of Joplin*, 4 F.3d 650, 652 (8th Cir. 1993)). A district court's jury instructions are generally reviewed for an abuse of discretion and "[a] district court abuses its discretion in denying a new trial based on erroneous jury instructions only if 'the errors misled the jury or had a probable effect on the jury's verdict.'" *Firetrace*, 825 F.3d at 461 (quoting *Slidell*, 460 F.3d at 1047).

Subparagraphs one through six and subparagraph eight were each supported by factual evidence presented at trial. The evidence demonstrated Galloway was travelling at about five miles an hour on Interstate 80, he continued to talk on his cellular

---

3. Failing to keep his vehicle under proper control;
4. Becoming distracted while driving;
5. Driving while fatigued;
6. Driving at a slow speed without illuminating his hazard lights when a reasonable driver would have done so;
7. [subparagraph 7 omitted]
8. Otherwise acting without the reasonable care required of him under the circumstances.

Final Jury Instructions, ECF No. 180, Page ID 6420. Instruction No. 13 also explained "Plaintiffs must prove, by the greater weight of the evidence . . . [t]hat Freddie Galloway was negligent in one or more ways claimed by Plaintiffs. *Id.* at 6421.

Bluetooth device despite observing a potential roadway hazard ahead, and he had exceeded federally regulated service-hour restrictions. Further, there was evidence that Galloway's four-way flashers were not illuminated and that other drivers did not similarly reduce their speed to five miles an hour. Thus, the subparagraphs at issue in Instruction No. 13 were based upon admissible, factual evidence.

*c. Sufficiency of the Evidence*

Ecklund's alternative request for a new trial is also based on its argument that the jury's verdict was "against the manifest weight of the evidence." Def.'s Br. Rule 50(b) Mot., ECF No. 194, Page ID 6546.

"A motion for new trial based on sufficiency of the evidence should be granted only 'if the verdict is against the weight of the evidence and allowing it to stand would result in a miscarriage of justice.'" *Bennett v. Riceland Foods, Inc.*, 721 F.3d 546, 552-53 (8th Cir. 2013) (quoting *The Shaw Grp., Inc. v. Marcum*, 516 F.3d 1061, 1067 (8th Cir. 2008)). "In making this determination, the district court 'can rely on its own reading of the evidence—it can 'weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict.'" *Firetrace*, 825 F.3d at 459 (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)). Accordingly, federal district courts have broad discretion to grant or deny a new trial based on the sufficiency of the evidence. *Firetrace*, 825 F.3d at 459 (citing *Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 867 (8th Cir. 2003) ("When the basis of the motion for a new trial is that the jury's verdict is against the weight of the evidence, the district court's denial of the motion is virtually unassailable on appeal.")). However, "a district judge is not free to reweigh the evidence and set aside the jury verdict merely because the jury

14

could have drawn different inferences or conclusions or because [the] judge[ ] feel[s] that other results are more reasonable." *Firetrace*, 825 F.3d at 465 (quoting *King v. Davis*, 980 F.2d 1236, 1237 (8th Cir. 1992)).

After reviewing the trial evidence, the Court finds that the jury's verdict was not against the weight of the evidence and there is no miscarriage of justice in allowing it to stand. The jury was presented with sufficient evidence to conclude Galloway drove his tractor-trailer at five miles an hour on Interstate 80 when conditions did not warrant such a reduced speed, and that he failed to illuminate his four-way flashers to warn following traffic of his reduced speed. There was also sufficient evidence for a jury to conclude that Galloway's speed, together with his failure to warn, was a significant contributing cause of the collision. *See* Trial Tr., ECF No. 200, Page ID 6829-30 (Plaintiffs' expert, Steve Irwin, opining that Singh did not have enough time to perceive Galloway's tractor-trailer and subsequently recognize that it was moving unusually slow).[8] Accordingly, "the jury's verdict was supported by a legally sufficient evidentiary basis and did not strongly conflict with the greater weight of the evidence so as to warrant a new trial." *Mattew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 869 (8th Cir. 2011) (quoting *Ryan v. McDonough Power Equip., Inc.*, 734 F.2d 385, 387 (8th Cir. 1984) ("The court should

---

[8] Although Ecklund states "[b]oth experts testified [Singh] . . . had sufficient time, distance, and visual cues to make the observation that he was travelling too fast and was about to strike Galloway," Def.'s Br. Rule 50(b) Mot., ECF No. 194, Page ID 6553, this statement does not accurately characterize Steve Irwin's testimony. Irwin testified Singh was "approaching a slower moving vehicle ahead of him in an environment where he doesn't expect it," and that "he didn't have enough time" to realize that circumstance and safely react. Trial Tr., ECF No. 200, Page ID 6829. Ecklund further claims "both Plaintiffs' and Defendant's accident reconstruction experts agreed that the accident occurred through no fault of Galloway," Def.'s Br. Rule 50(b) Mot., ECF No. 194, Page ID 6553, which is also inaccurate because Irwin testified he had no opinion as to whether Galloway's speed was appropriate or whether Galloway caused the collision. Trial Tr., ECF No. 200, Page ID 6829 ("Whether [Galloway] should or not be going slow . . ., I don't have an opinion."); *Id.* at Page ID 6832-33 (stating "I don't have an opinion about [the cause of the collision]"). Thus, the jury's verdict is not against the weight of this evidence.

reject a jury's verdict only where, after a review of all the evidence giving full respect to the jury's verdict, the court is left with a definite and firm conviction that the jury has erred.").

*d. Damages*

Ecklund asks the Court to grant a new trial on the issue of damages because the damages awarded were unsupported by the evidence, excessive, and the result of passion and prejudice.

"It is generally permissible for a trial court to grant a new trial on damages only." *Bavlsik v. Gen. Motors, LLC*, 870 F.3d 800, 809 (8th Cir. 2017) (citing *Haug v. Grimm*, 251 F.2d 523, 527-28 (8th Cir. 1958)). "The district court may order a new trial if convinced the verdict goes against the clear weight of the evidence or where a miscarriage of justice will result." *Schooley v. Orkin Extermination, Co., Inc.*, 502 F.3d 759, 768 (8th Cir. 2007) (citing *Benjamin v. Aluminum Co. of Am.*, 921 F.2d 170, 173 (8th Cir. 1990)).

The jury heard testimony from Dr. Rosenbaum, who stated Plaintiffs' total economic loss amounted to $1,460,000 and explained the method he used to arrive at that amount. Trial Tr., ECF No. 200, 6907. The jury also heard testimony from Plaintiff Inderjeet Basra regarding her marital relationship with Singh and that they were expecting a child at the time of Singh's death. *See In re Estate of Panec*, 864 N.W.2d 219, 225 (Neb. 2015) (explaining wrongful death damages "include the pecuniary value of the loss of the decedent's support, society, comfort, and companionship"). Other than its bare assertion that "the award is unsupported by the evidence," Ecklund has advanced no argument as to why the foregoing evidence relevant to economic and non-

16

economic loss fails to support the jury's damages award. *See* Def.'s Br. Rule 50(b) Mot., ECF No. 194, Page ID 6557. The Court finds the trial evidence sufficiently supported the damages awarded to Plaintiffs.

Ecklund also argues a new trial is warranted because the jury's "award [was] excessive and reflects the passion and prejudice of the jury instead of the impartial assessment of the merits of Plaintiffs' case." *Id.* The Court has broad discretion to grant or deny a new trial based on the size of the jury's verdict. *Dosset v. First State Bank*, 399 F.3d 940, 946 (8th Cir. 2005) ("Under our precedents, review of the district court's decision to grant a new trial based on the size of the verdict is 'extraordinarily deferential . . . .'") (quoting *Sanford v. Crittenden Mem'l Hosp.*, 141 F.3d 882, 884 (8th Cir. 1998)). "A district court abuses its discretion in denying a new trial only where the jury's award is so excessive as to be a plain injustice or a monstrous or shocking result." *Julian*, 789 F.3d at 888 (8th Cir. 2015) (citing *Latham Seed Co. v. Nickerson Am. Plant Breeders, Inc.*, 978 F.2d 1493, 1499 (8th Cir. 1992)). "Although the appropriateness of a new trial is a federal procedural question decided by reference to federal law, in determining whether a state law claim damage award is excessive, state case law guides [the] inquiry." *Sanford*, 141 F.3d at 884 (internal citation omitted). Under Nebraska law, an award is excessive if it is "so clearly against the weight and reasonableness of the evidence and so disproportionate as to indicate that it was the result of passion, prejudice, mistake, or some means not apparent in the record, or that the jury disregarded the evidence or rules of law." *Shipler v. Gen. Motors Corp.*, 710 N.W.2d 807, 840 (Neb. 2006). "[P]assion or prejudice is shown when the verdict shocks

the conscience." *Crewdson v. Burlington N. R.R. Co.*, 452 N.W.2d 270, 280 (Neb. 1990).

The evidence relevant to damages, specifically Dr. Rosenbaum's and Inderjeet Basra's testimony, supports the jury's verdict and it is not clear that the verdict was the result of passion, prejudice, mistake, or a disregard for the rules of law. Nor is it shocking to the conscience. Thus, the jury's verdict was not excessive under Nebraska law. Furthermore, it was not "so excessive as to be a plain injustice or a monstrous or shocking result" such that a new trial is warranted. *Julian*, 789 F.3d at 888-89 (finding a jury's award of $1 million in non-economic damages for the death of a 23-year-old husband and father was not a plain injustice or monstrous or shocking result).

Alternatively, Ecklund requests a reduction in the amount of damages awarded, *i.e.*, remittitur. "[A] district court should order remittitur only when the verdict is so grossly excessive as to shock the conscience of the court. A verdict is not considered excessive unless there is plain injustice or a monstrous or shocking result." *Eich v. Bd. of Regents for Cent. Mo. State Univ.*, 350 F.3d 752, 763 (8th Cir. 2006) (internal quotation and citations omitted); *see also Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1087-88 (8th Cir. 2017). The Court has determined the damages awarded to Plaintiffs are not excessive under Nebraska law and that the award did not constitute a plain injustice, nor was it monstrous or shocking. Therefore, Ecklund's request for remittitur will be denied. *See Davis v. Bamford, Inc.*, No. 8:11CV69, 2012 WL 3583184, *1 (D. Neb. Aug. 20, 2012) (denying remittitur and upholding jury's non-economic damages award of $1,100,000 to the wife of a man severely injured in a vehicle accident).

**CONCLUSION**

Drawing all reasonable inferences in favor of the verdict, the evidence presented at trial does not support Ecklund's arguments and the Court will not grant Ecklund's Renewed Motion for Judgment as a Matter of Law. Nor has Ecklund demonstrated that a new trial must be granted to avoid a miscarriage of justice, or that remittitur is appropriate.

Accordingly,

IT IS ORDERED:

1. The Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial, ECF No. 193, filed by Defendant Ecklund Logistics, Inc., is denied;

2. The Motion to Extend Time to Post Supersedeas Bond, ECF No. 213, filed by Defendant Ecklund Logistics, Inc., is denied as moot; and

3. The stay of execution of the judgment is lifted, and, pursuant to the Court's Order, ECF No. 208, no proceedings may be brought to enforce the Judgment, until 30 days after the date of this Memorandum and Order.

Dated this 21st day of November, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge